DION N. COMINOS (SBN: 136522)
dcominos@gordonrees.com
RYAN B. POLK (SBN: 230769)
rpolk@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile:  (415) 986-8054

Attorneys for Defendant
TRIPLE LEAF TEA, INC.

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE JOHNSON, individually, on behalf of all others similarly situated, and the general public, | CASE NO.  3:14-cv-01570-MMC |
| Plaintiff, | **CLASS ACTION** |
| v. | **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT** |
| TRIPLE LEAF TEA INC,, | |
| Defendant. | Date:   July 25, 2014<br>Time:   10:30  a.m.<br>Courtroom:   7 |
| | Complaint Filed:  April 4, 2014 |

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    The parties, Eunice Johnson ("Plaintiff") and Triple Leaf Tea ("Defendant") submit this

2   Joint Case Management Statement pursuant to this Court's April 8, 2014, Order (Dkt. 5) and

3   Rules 16 and 26(f) of the Federal Rules of Civil Procedure. The parties have conducted their

4   Rule 26(f) conference.

5   **1)    JURISDICTION AND SERVICE**

6       Defendant was properly served.

7       PLAINTIFF:

8       Plaintiff maintains that this Court has personal jurisdiction over Defendant, who is

9   headquartered in the San Francisco area; and this Court has subject matter jurisdiction over this

10  action.  Further, Plaintiff has Article III and statutory standing because she suffered economic

11  loss caused by Defendant's false or deceptive advertising.  Plaintiff agrees with Defendant that

12  venue is not at issue.

13      DEFENDANT:

14      Defendant maintains that Plaintiff lacks standing because she has not suffered Article III

15  "injury in fact." There are no issues with respect to personal jurisdiction or venue. Defendant

16  does not agree that this Court has subject matter jurisdiction.

17  **2)    FACTS**

18      Plaintiff filed a Class Action Complaint on April 4, 2014.  Defendant filed a Motion to

19  Dismiss on May 16, 2014.

20      PLAINTIFF:

21      The claims on behalf of Plaintiff and the putative class arise out of Defendant's false,

22  deceptive, and otherwise unlawful marketing scheme and business acts and practices concerning

23  Triple Leaf's Senna Leaf tea products.  For years, the Products have been and continues to be

24  marketed by the Defendant as weight loss teas that are also designed to support reduction of

25  excess body fats and accumulated toxins.  However, the main ingredient in the Products is Cassia

26  Anjustifolia, or Senna Leaves, a stimulant laxative that does not assist in weight loss and actually

27  causes chronic bloating and constipation.  Further, as a diet lasts longer than a ten day period of

28  time, the Products' marketing as weight loss teas is false or deceptive.  Moreover, regular use of

-2-

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1   the Product, which the front-of-pack marketing claims encourage, can cause dependence on

2   stimulant laxatives.

3         When purchasing the Product, Plaintiff was seeking a product that would help her lose

4   weight and excess fat in her body as Defendant promised, represented and warranted.  Moreover,

5   Plaintiff sought a product that was generally healthy, as the Product promised to help eliminate

6   toxic waste from the body, but the Product is not generally healthy as it will ultimately cause

7   slowing of normal bowel function, loss of electrolytes from the body, and dependence on

8   stimulant laxatives, all of which will increase toxic waste in the body and not reduce it.  Senna

9   has a laxative effect but is not a bulk forming laxative.  Therefore, it should not be taken on a

10  regular basis at all.  Further, calories are absorbed by the body within the small intestine by

11  means of the intestinal villi.  The colon – which is where the Product has its laxative effect on the

12  body – is not where calories are taken up by the human body.  Therefore, marketing the Product

13  as a weight loss tool is false and deceptive.

14        Thus, Plaintiff alleges Defendants' Senna Leaf weight loss tea Products are false or

15  deceptively advertised to the public.  Plaintiff alleged she purchased and used the tea but it was

16  not as advertised for the reasons set forth above, and as set forth in more detail in the Complaint.

17        DEFENDANT:

18        Plaintiff purports to bring this putative class action lawsuit on behalf of consumer who

19  purchased Triple Leaf's "Dieter's Green Herbal Tea," "Ultra Slim Herbal Tea," and "Super

20  Slimming Herbal Tea" (collectively referred to as "the Teas").  Plaintiff alleges that she bought a

21  box of Dieter's Green tea in Kansas City, Missouri in November 2012. She does not allege,

22  however, that she bought either the Ultra Slim Herbal Tea and/or Super Slimming Herbal Tea.

23  Plaintiff also fails to allege that she actually brewed and drank the tea.

24        The root of Plaintiff's claims is that the Teas "contain no weight loss ingredients or fat

25  burners" and do not constitute "an effective treatment for weight loss or appetite suppression and

26  [do] not work as advertised."   Plaintiff also claims that Triple Leaf somehow "conceals the

27  dangers" of two ingredients contained in the Teas – senna leaf (*cassia angustfolia*) and Chinese

28

-3-

1    mallow (*malva verticillata*).  According to Plaintiff, these alleged deficiencies resulted in the

2    Teas being "unlawful misbranded foods" for purposes of the Food,  Drug, and Cosmetic Act

3    ("FDCA") thereby violating California's Sherman Law.

4        Defendant denies that any laws were violated and contend that Plaintiff's claims lack

5    merit.

6    **3)    LEGAL ISSUES**

7        Plaintiff asserts various state law claims including: the "unlawful" prong of California's

8    Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); the UCL's "unfair" prong; the

9    UCL's "fraudulent" prong; false and deceptive advertising under the False Advertising Law

10   (Bus. & Prof. Code § 17500); the Consumers Legal Remedies Act (Civ. Code § 1750); and

11   causes of action for breach of express and implied warranty.

12   **4)    MOTIONS**

13   <u>PLAINTIFF</u>:

14       Plaintiff has opposed Defendant's Motion to Dismiss, which is set for hearing on July 25,

15   2014.  Plaintiff's counsel will appear telephonically at that hearing and at the Case Management

16   hearing set on the same day.

17       Plaintiff believes that Defendant should withhold filing its summary judgment motion

18   until after this Court rules on Plaintiff's motion for class certification in accordance with the

19   time-honored "One Way Intervention Rule.[1]

---

[1] "[D]istrict courts generally do not grant summary judgment on the merits of a class action until the class has been properly certified and notified."  *Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).  "The purpose of Rule 23(c)(2) is to ensure that the plaintiff class receives notice of the action well before the merits of the case are adjudicated."  *Id.*  (citing) *see, e.g., Postow v. OBA Fed. Sav. and Loan Ass'n*, 627 F.2d 1370, 1381-82 (D.C.Cir.1980); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759-60 (3d Cir.1974) (en banc), cert. denied, 419 U.S. 885, 95 S.Ct. 152, 42 L.Ed.2d 125 (1974); 7B Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure, § 1788, at 222-23 (2d ed. 1986); cf. *Besinga v. United States*, 923 F.2d 133, 136-37 (9th Cir. 1991).

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

-4-

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA  94111

1    In addition, Plaintiff believes any issue(s) relating to discovery disputes may be determined by

2  motion.  Plaintiff, however, intends to resolve discovery issues informally, and file such motion(s) only as

3  a last resort.

4    DEFENDANT:

5    Defendant filed a motion to dismiss Plaintiff's complaint, which is set for hearing on July

6  25, 2014 at 9:00 a.m.  Should this case continue beyond the motion to dismiss stage, Defendant

7  intends to file a motion for summary judgment.

8    JOINT POSITION:

9    The parties agree to email a PDF version of any redacted briefs upon filing, in addition to

10  formal service of all papers and exhibits.

11  **5)    AMENDMENT OF PLEADINGS**

12    PLAINTIFF:

13    Plaintiff reserves the right to move to amend her complaint by, among other things,

14  adding or substituting class representatives and/or amending to include additional defendants,

15  depending on facts obtained through discovery in this case.  In the event class certification is

16  denied, Plaintiffs intend to continue the matter as an individual action and would amend the

17  Complaint accordingly.

18    DEFENDANT:

19    The filing of amended pleadings will be dictated by the Court's order following

20  Defendant's pending motion to dismiss.

21  **6)    EVIDENCE PRESERVATION**

22    Defendant and Plaintiff have each represented that steps have been taken to preserve

23  evidence relevant to this litigation.

24  **7)    DISCLOSURES**

25    Plaintiff and Defendant plan to serve initial disclosures in the time and manner prescribed

26  by the Federal Rules of Civil Procedure.

27

28

**8)     DISCOVERY**

Neither party has served any formal discovery. The parties have reviewed the ESI Guidelines regarding electronically stored information and will meet and confer should the need arise to discuss discovery.

PLAINTIFF:

Plaintiff will seek discovery regarding on all issues and claims set forth in the operative complaint, and regarding Defendant's affirmative defenses.  Specifically, Plaintiff will conduct discovery regarding the advertising and marketing of the Products, the Products' sales and financial matters, as well as scientific issues and consumer surveys regarding the Products to show Defendant's advertising and labeling is deceptive, false or misleading.

Plaintiff also intends to take the deposition of: (1) Defendant's officers, employees, agents or representatives who have information relevant to the allegations of Plaintiff's Complaint and Defendant's defenses; (2) all witnesses identified by Defendant in its Initial Disclosures; and (3) all witnesses who may become known during the course of discovery, including any third party vendors.

Plaintiff opposes bifurcation or limitation of discovery or any proposed phases or other restrictions on Plaintiff's ability to move forward with all discovery.  This is a putative class action and Plaintiff seeks discovery in support of her claims and the class' claims.

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), Plaintiff consents to service by electronic means with respect to discovery.

DEFENDANT:

With a pending motion to dismiss, it is premature to discuss the format and scope of discovery at this time.  Discovery should not commence until after the Court has ruled on Defendant's motion. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir. 1987) (idea that party may conduct discovery at pleadings stage is "unsupported and defies common sense"; defendants must be able "to challenge the legal sufficiency of complaints without subjecting themselves to discovery"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA  94111

1   557-60 (2007) (plaintiff with "largely groundless claim" should not "be allowed to take up the

2   time of a number of other people, with the right to do so representing an in terrorem increment of

3   the settlement value") (citation and internal quotations omitted).  Defendant reserves the right to

4   request bifurcation of discovery.

5      Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), Defendant consents to service by

6   electronic means with respect to discovery.

7   **9)  CLASS ACTIONS**

8      PLAINTIFF:

9      Plaintiff anticipates filing a motion for class certification with regard to the putative class

10   members who purchased Defendant's Products during the relevant class period and will do so as

11   soon as practicable pursuant to Federal Rule of Civil Procedure 23.[2]  Plaintiff is not opposed to

12   the Court setting or the parties agreeing to a briefing schedule on class certification.  Plaintiff is,

13   however, opposed to any stay of discovery in this case based on the pendency of class

14   certification, any Rule 12 motions, or any other substantive motion, such as for judgment on the

15   pleadings, to strike, or for summary judgment.  Such motions, in particular, entitle Plaintiff to

16   factual discovery from Defendant prior to being heard.  Finally, the One Way Intervention Rule

17   prohibits Defendant seeking summary judgment prior to class certification.  Such a motion will

18   not bind the class and is not in the best interests of the Court's or the parties' time.

19      The Court should not set a second case management conference after ruling on the

20   motion to dismiss.  Rather, Plaintiff respectfully asserts that the Court's and the parties' time is

21   best served by the setting of discovery and class certification dates during the case management

22   hearing already scheduled for July 25, 2014.  *See* Fed. R. Civ. P. 1.

23      DEFENDANT:

24      It is premature to set certification dates until the pending motion to dismiss is decided, for

25   the same reasons that it would be premature to set discovery dates.  Furthermore, it may be that

26

27   ------

27   [2] Federal Rule of Civil Procedure 23 requires the court to determine whether class certification of
28   an action " [a]t an early practicable time after a person sues or is sued as a class representative."
28   Fed. R. Civ. P. 23(c)(1)(A).

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

1 the next order of business should be summary judgment and not class certification. Defendant

2 respectfully suggests that the Court should convene a new case management conference once the

3 motion to dismiss is ruled upon.

4   At the appropriate time to set a schedule, Defendant believes that the briefing schedule on

5 any motion for class certification should reflect the amount of time necessary to conduct expert

6 and factual discovery. Consequently, any class certification schedule that is set should afford

7 Defendant at least 60 days from the date of the motion to prepare its opposition.

8 **10)    RELATED CASES**

9   PLAINTIFF:

10   Plaintiff is unaware of any actions related to this action against Defendant.  The

11 *Augustine* case is not related because it involves different parties and different, specific

12 advertising.

13   DEFENDANT:

14   Plaintiff's Counsel has recently filed a similar case against another Tea manufacturer

15 asserting similar claims, which is venued in the Southern District of California.  *Augustine v.*

16 *Natrol Products, Inc.* Case No. 13-CV-3129-H-DHB.  The *Augustine* matter has been stayed due

17 to bankruptcy proceedings commenced by defendant Natrol.  This case has not been related to

18 this case.

19 **11)    RELIEF**

20   Plaintiff's complaint seeks the following relief:

21   •    An order declaring this action to be a proper Class Action and requiring

22 Defendant to bear the costs of class notice;

23   •    An order awarding declaratory and injunctive relief as permitted by law or equity,

24 including enjoining Defendant from continuing the alleged unlawful practices;

25   •    An order awarding restitution and disgorgement of Defendant's revenues to

26 Plaintiff and the proposed Class members;

27   •    An order compelling Defendant to engage in a corrective advertising campaign to

28

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1  inform the public concerning the "true nature" of the Teas.

2  •  An order awarding damages and punitive damages;

3  •  An order awarding attorneys' fees and costs; and

4  •  An order providing such further relief as this Court deems proper.

5  **12)  SETTLEMENT AND ADR**

6  The parties have agreed to private mediation.  Counsel for both parties agree that ADR

7  should be delayed until the parties have had initial discovery and a chance to evaluate the case

8  with that information.

9  **13)  CONSENT TO MAGISTRATE JUDGE**

10  On April 29, Plaintiff filed a Declination to Proceed Before a Magistrate Judge.  The case

11  has been assigned to the Honorable Maxine M. Chesney.

12  **14)  OTHER REFERENCES**

13  None at this time.

14  **15)  NARROWING OF ISSUES**

15  PLAINTIFF:

16  Plaintiff would propose that the Rule 23(a) element of numerosity can and should be

17  agreed to by the parties as a non-contested element of Plaintiff's motion for class certification.

18  DEFENDANT:

19  Defendant will not stipulate that the Rule 23(a) element of numerosity is a "non-

20  contested element."  At present, the parties are not aware of any issues that can be narrowed by

21  agreement.

22  **16)  EXPEDITED TRIAL PROCEDURE**

23  The parties do not believe this case can be handled on an expedited basis with

24  streamlined procedures.

25  **17)  SCHEDULING**

26  PLAINTIFF:

27  Plaintiff proposes that discovery commence in this action as soon as the Rule 26(f) is

28

*Gordon & Rees LLP*
*275 Battery Street, Suite 2000*
*San Francisco, CA  94111*

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

1    concluded on July 25, 2014, and that the Court set dates for the close of factual discovery, close

2    of expert discovery, and class certification briefing.

3        Plaintiff further believes that discovery should not be bifurcated by between merits and

4    damage issues, as Defendant is likely to contend, in light of the trend of Courts holding these

5    facts and issues are inextricably interwoven.  Discovery should also not be limited to Products

6    Plaintiff purchased because Plaintiff may seek to certify a class relating to products that bear

7    similar advertising to that on the Products he did purchase.  Moreover, the issue of whether a

8    named plaintiff has standing to represent purchasers of other products is an issue reserved for

9    class certification, and Defendants may not unilaterally deny Plaintiff relevant evidence or

10   evidence that will lead to the discovery of admissible evidence.  *See, e.g., Bruno v. Quten*

11   *Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) ("District courts in California

12   routinely hold that the issue of whether a class representative may be allowed to present claims

13   on behalf of others who have similar, but not identical, interests depends not on standing, but on

14   an assessment of typicality and adequacy of representation." (internal quotation marks and

15   citations omitted) . . . Treatises and other circuits reach the same conclusion."); *see also Koh v.*

16   *SC Johnson & Son, Inc.*, 10 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (noting "there is no

17   brightline rule that different product lines cannot be covered by a single class"); *Anderson v.*

18   *Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) (plaintiff had standing to bring

19   claims regarding other smoothie kit flavor purchasers because "same alleged misrepresentation

20   was on all of the smoothie kit[s] regardless of flavor").

21       Plaintiff anticipates needing discovery regarding all issues and claims set forth in the

22   operative Complaint, including but not limited to:  Defendants' advertising and marketing of its

23   Products, sales and financial records, scientific and clinical studies, consumer surveys, and

24   labeling and packaging regarding the Products, to prove Plaintiff's claims that Defendants'

25   advertising and labeling is uniform, false, misleading or unlawful; and to obtain information

26   about potential class members.

27       Plaintiff will also require discovery on damages in order to satisfy her pleading obligations

28   at the class certification stage.  Parties seeking class certification must "establish that damages

could be measured on a classwide basis" in order to establish predominance.  *Comcast v.*

*Behrend*, 569 U.S. __, 133 S. Ct. 1426, 1431, n.4 (2013).  "Calculations need not be exact, . . .

but at the class-certification stage (as at trial), any model supporting a 'plaintiff's damages case

must be consistent with its liability case."  *Id.* at 1433 (citation omitted).  A party seeking class

-10-

certification should meet this burden of proof with "evidence demonstrating the existence of a classwide method of awarding relief that is consistent with the plaintiffs' theory of liability." *See Guido v. L'Oreal, USA, Inc.*, Nos. CV 11-1067 CAS (JCx), 2013 WL 3353857 at *15 (C.D. Cal. July 1, 2013). The Court should bear in mind, however, that "predominance requires a qualitative assessment . . . it is not bean counting." *Butler v. Sears, Roebuck & Co.*, 727 F.3d 796, 801 (7th Cir. Aug. 22, 2013), *cert. denied*, *Sears, Roebuck & Co. v. Butler*, 134 S. Ct. 1277 (2014). Thus, Plaintiff's evidence must . . show that class wide relief is tethered to common and predominate theories of liability, and need not consist of calculations of damages on the merits. *Id.* (finding error where "district court asked not for a showing of common questions, but for a showing of common answers to those questions). Accordingly, Plaintiff will need to discover such information prior to filing his class certification motion.

Plaintiff believes the above-referenced topics are directly relevant to class certification issues because at the certification stage, the trial court engages in a "rigorous analysis" to ensure the Rule 23 class certification requirements have been satisfied. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). In doing so, the court may "probe behind the pleadings" to determine that the requirements have been met, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Based on the foregoing, Plaintiff would be severely prejudiced if discovery does not proceed expeditiously; if discovery is bifurcated and she is forced to proceed without being able to obtain relevant foundational documents in support of her and the class' damages claims prior to filing her motion for class certification.

DEFENDANT:

It is premature to discuss scheduling at this time. Should the Court deny Defendant's motion to dismiss, the parties should meet and confer regarding a proposed schedule. In any event, Defendant proposes that factual discovery proceed in two phases.

In the first phase, discovery should be limited to issues concerning class certification. In the event discovery concerning class certification issues overlaps with discovery concerning merits issues, the parties should meet and confer to resolve any disputes concerning what discovery is appropriate in the first phase. In the second phase, the parties make take discovery

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

-11-

1  concerning the merits of the claims.

2     Bifurcation of discovery in this manner is appropriate because the scientific nature of

3  Plaintiff's merits claim (e.g., the assertion that the Teas are dangerous because they contain

4  senna, consumption of which can allegedly lead to hepatitis, liver failure, arthritis and finger

5  clubbing, cancer and laxative dependency) has little bearing on the certification issues, which

6  focus in part on the question of reliance (e.g., whether it was reasonable for class members to

7  rely on the Packaging as representing that the Teas were somehow a "natural means to help lose

8  weight" notwithstanding the absence of any such representation on the Teas' packaging).

9  **18)    TRIAL**

10    PLAINTIFF:

11    Plaintiff estimates 7-8 days for trial of this matter.  Plaintiff has requested a jury trial with

12  respect to claims that may be so adjudicated.

13    DEFENDANT:

14    Defendant respectfully submits that it is premature to set trial dates or estimate the length

15  of trial.

16  **19)    DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

17    PLAINTIFF:

18    Plaintiff will file her Certificate of Interested Parties and initial disclosures on July 18,

19  2014.

20    DEFENDANT:

21    Defendant filed a Certificate of Interested Parties on May 23, 2014.

22  **20)    OTHER MATTERS**

23    None at this time.

24  Dated:  July 18, 2014                    GORDON & REES LLP

25                                           By:    */s/ Dion N. Cominos*
26                                                  DION N. COMINOS
                                                    RYAN B. POLK
27                                                  Attorneys for Defendant
                                                    TRIPLE LEAF TEA, INC.
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

-12-

Dated:  July 18, 2014                                  LAW OFFICES OF RONALD A. MARRON

                                                       By:    /s/ Ronald A. Marron
                                                              Ronald A Marron
                                                              Skye Resendes
                                                              651 Arroyo Drive
                                                              San Diego, CA 92103
                                                              Tel. (619) 696-9006
                                                              Fax (619) 564-6665

                                                              Attorneys for Plaintiff and the Proposed
                                                              Class

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA  94111**

1095193/20192036v.1

-13-
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT
Case No.: 3:14-CV-01570-MMC