1  DION N. COMINOS (SBN: 136522)
   dcominos@gordonrees.com
2  RYAN B. POLK (SBN: 230769)
   rpolk@gordonrees.com
3  GORDON & REES LLP
   Embarcadero Center West
4  275 Battery Street, Suite 2000
   San Francisco, CA 94111
5  Telephone: (415) 986-5900
   Facsimile:  (415) 986-8054
6
7  Attorneys for Defendant
   TRIPLE LEAF TEA, INC.
8  [Additional counsel on signature page]

          UNITED STATES DISTRICT COURT
9
10        NORTHERN DISTRICT OF CALIFORNIA
11
   EUNICE JOHNSON, individually, on behalf of ) CASE NO.  3:14-cv-01570-MMC
12 all others similarly situated, and the general )
   public,                                       )
13                                               )
                          Plaintiff,             ) **CLASS ACTION**
14                                               )
                v.                               ) **JOINT CASE MANAGEMENT**
15                                               ) **STATEMENT AND RULE 26(f)**
   TRIPLE LEAF TEA INC,,                         ) **REPORT**
16                                               )
                          Defendant.             ) Date:   September 12, 2014
17                                               ) Time:  10:30  a.m.
                                                 ) Courtroom:    7
18                                               )
                                                 )
19                                               ) Complaint Filed:  April 4, 2014
                                                 )
20 _____)
21
22
23
24
25
26
27
28

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

The parties, Eunice Johnson ("Plaintiff") and Triple Leaf Tea ("Defendant") submit this Joint Case Management Statement pursuant to this Court's April 8, 2014, Order (Dkt. 5), and the Order Continuing Case Management Conference (Dkt. 28), and Rules 16 and 26(f) of the Federal Rules of Civil Procedure. The parties have conducted their Rule 26(f) conference.

**1)      JURISDICTION AND SERVICE**

Defendant was properly served.

<u>PLAINTIFF</u>:

Plaintiff maintains that this Court has personal jurisdiction over Defendant, who is headquartered in the San Francisco area; and this Court has subject matter jurisdiction over this action. Further, Plaintiff has Article III and statutory standing because she suffered economic loss caused by Defendant's false or deceptive advertising. Plaintiff agrees with Defendant that venue is not at issue.

<u>DEFENDANT</u>:

Defendant maintains that Plaintiff lacks standing because she has not suffered Article III "injury in fact." There are no issues with respect to personal jurisdiction or venue. Defendant does not agree that this Court has subject matter jurisdiction.

**2)      FACTS**

Plaintiff filed a Class Action Complaint on April 4, 2014. Defendant filed a Motion to Dismiss on May 16, 2014.

<u>PLAINTIFF</u>:

The claims on behalf of Plaintiff and the putative class arise out of Defendant's false, deceptive, and otherwise unlawful marketing scheme and business acts and practices concerning Triple Leaf's Senna Leaf tea products. For years, the Products have been and continues to be marketed by the Defendant as weight loss teas that are also designed to support reduction of excess body fats and accumulated toxins. However, the main ingredient in the Products is Cassia Anjustifolia, or Senna Leaves, a stimulant laxative that does not assist in weight loss and actually causes chronic bloating and constipation. Further, as a diet lasts longer than a ten day period of time, the Products' marketing as weight loss teas is false or deceptive. Moreover, regular use of

the Product, which the front-of-pack marketing claims encourage, can cause dependence on stimulant laxatives.

When purchasing the Product, Plaintiff was seeking a product that would help her lose weight and excess fat in her body as Defendant promised, represented and warranted. Moreover, Plaintiff sought a product that was generally healthy, as the Product promised to help eliminate toxic waste from the body, but the Product is not generally healthy as it will ultimately cause slowing of normal bowel function, loss of electrolytes from the body, and dependence on stimulant laxatives, all of which will increase toxic waste in the body and not reduce it. Senna has a laxative effect but is not a bulk forming laxative. Therefore, it should not be taken on a regular basis at all. Further, calories are absorbed by the body within the small intestine by means of the intestinal villi. The colon – which is where the Product has its laxative effect on the body – is not where calories are taken up by the human body. Therefore, marketing the Product as a weight loss tool is false and deceptive.

Thus, Plaintiff alleges Defendants' Senna Leaf weight loss tea Products are false or deceptively advertised to the public. Plaintiff alleged she purchased and used the tea but it was not as advertised for the reasons set forth above, and as set forth in more detail in the Complaint.

<u>DEFENDANT:</u>

Plaintiff purports to bring this putative class action lawsuit on behalf of consumer who purchased Triple Leaf's "Dieter's Green Herbal Tea," "Ultra Slim Herbal Tea," and "Super Slimming Herbal Tea" (collectively referred to as "the Teas"). Plaintiff alleges that she bought a box of Dieter's Green tea in Kansas City, Missouri in November 2012. She does not allege, however, that she bought either the Ultra Slim Herbal Tea and/or Super Slimming Herbal Tea. Plaintiff also fails to allege that she actually brewed and drank the tea.

The root of Plaintiff's claims is that the Teas "contain no weight loss ingredients or fat burners" and do not constitute "an effective treatment for weight loss or appetite suppression and [do] not work as advertised." Plaintiff also claims that Triple Leaf somehow "conceals the dangers" of two ingredients contained in the Teas – senna leaf (*cassia angustfolia*) and Chinese

mallow (*malva verticillata*). According to Plaintiff, these alleged deficiencies resulted in the Teas being "unlawful misbranded foods" for purposes of the Food, Drug, and Cosmetic Act ("FDCA") thereby violating California's Sherman Law.

Defendant denies that any laws were violated and contend that Plaintiff's claims lack merit.

**3) LEGAL ISSUES**

Plaintiff asserts various state law claims including: the "unlawful" prong of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); the UCL's "unfair" prong; the UCL's "fraudulent" prong; false and deceptive advertising under the False Advertising Law (Bus. & Prof. Code § 17500); the Consumers Legal Remedies Act (Civ. Code § 1750); and causes of action for breach of express and implied warranty.

**4) MOTIONS**

PLAINTIFF:

Plaintiff has opposed Defendant's Motion to Dismiss, which was originally set for hearing on July 25, 2014. The Court vacated the hearing and indicated to the parties that it would decide the matter without oral argument. (Doc. No. 28). Per the Court's September 2, 2014 order (Doc. No. 30), the parties will appear telephonically at the Case Management hearing set for September 12, 2014.

Plaintiff believes that Defendant should withhold filing its summary judgment motion until after this Court rules on Plaintiff's motion for class certification in accordance with the time-honored "One Way Intervention Rule."

In addition, Plaintiff believes any issue(s) relating to discovery disputes may be determined by motion. Plaintiff, however, intends to resolve discovery issues informally, and file such motion(s) only as a last resort.

DEFENDANT:

Defendant filed a motion to dismiss Plaintiff's complaint, which was set for hearing on July 25, 2014 at 9:00 a.m. The Court vacated the hearing and took the motion to dismiss under

submission (Doc. No. 28). Should this case continue beyond the motion to dismiss stage, Defendant intends to file a motion for summary judgment.

JOINT POSITION:

The parties agree to email a PDF version of any redacted briefs upon filing, in addition to formal service of all papers and exhibits.

**5)  AMENDMENT OF PLEADINGS**

PLAINTIFF:

Plaintiff reserves the right to move to amend her complaint by, among other things, adding or substituting class representatives and/or amending to include additional defendants, depending on facts obtained through discovery in this case. In the event class certification is denied, Plaintiffs intend to continue the matter as an individual action and would amend the Complaint accordingly.

DEFENDANT:

The filing of amended pleadings will be dictated by the Court's order following Defendant's pending motion to dismiss.

**6)  EVIDENCE PRESERVATION**

Defendant and Plaintiff have each represented that steps have been taken to preserve evidence relevant to this litigation.

**7)  DISCLOSURES**

Plaintiff and Defendant plan to serve initial disclosures in the time and manner prescribed by the Federal Rules of Civil Procedure.

**8)  DISCOVERY**

Neither party has served any formal discovery. The parties have reviewed the ESI Guidelines regarding electronically stored information and will meet and confer should the need arise to discuss discovery.

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

1  <u>PLAINTIFF</u>:

2  Plaintiff will seek discovery regarding on all issues and claims set forth in the operative

3  complaint, and regarding Defendant's affirmative defenses. Specifically, Plaintiff will conduct

4  discovery regarding the advertising and marketing of the Products, the Products' sales and

5  financial matters, as well as scientific issues and consumer surveys regarding the Products to

6  show Defendant's advertising and labeling is deceptive, false or misleading.

7  Plaintiff also intends to take the deposition of: (1) Defendant's officers, employees,

8  agents or representatives who have information relevant to the allegations of Plaintiff's

9  Complaint and Defendant's defenses; (2) all witnesses identified by Defendant in its Initial

10  Disclosures; and (3) all witnesses who may become known during the course of discovery,

11  including any third party vendors.

12  Plaintiff opposes bifurcation or limitation of discovery or any proposed phases or other

13  restrictions on Plaintiff's ability to move forward with all discovery. This is a putative class

14  action and Plaintiff seeks discovery in support of her claims and the class' claims.

15  Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), Plaintiff consents to service by

16  electronic means with respect to discovery.

17  <u>DEFENDANT</u>:

18  With a pending motion to dismiss, it is premature to discuss the format and scope of

19  discovery at this time. Discovery should not commence until after the Court has ruled on

20  Defendant's motion. *See Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738 (9th Cir.

21  1987) (idea that party may conduct discovery at pleadings stage is "unsupported and defies

22  common sense"; defendants must be able "to challenge the legal sufficiency of complaints

23  without subjecting themselves to discovery"); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

24  557-60 (2007) (plaintiff with "largely groundless claim" should not "be allowed to take up the

25  time of a number of other people, with the right to do so representing an in terrorem increment of

26  the settlement value") (citation and internal quotations omitted). Defendant reserves the right to

27  request bifurcation of discovery.

28

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT
Case No.: 3:14-CV-01570-MMC

Pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), Defendant consents to service by electronic means with respect to discovery.

**9)    CLASS ACTIONS**

<u>PLAINTIFF</u>:

Plaintiff anticipates filing a motion for class certification with regard to the putative class members who purchased Defendant's Products during the relevant class period and will do so as soon as practicable pursuant to Federal Rule of Civil Procedure 23. Plaintiff is not opposed to the Court setting or the parties agreeing to a briefing schedule on class certification. Plaintiff is, however, opposed to any stay of discovery in this case based on the pendency of class certification, any Rule 12 motions, or any other substantive motion, such as for judgment on the pleadings, to strike, or for summary judgment. Such motions, in particular, entitle Plaintiff to factual discovery from Defendant prior to being heard. Finally, the One Way Intervention Rule prohibits Defendant seeking summary judgment prior to class certification. Such a motion will not bind the class and is not in the best interests of the Court's or the parties' time.

The Court should not set a second case management conference after ruling on the motion to dismiss. Rather, Plaintiff respectfully asserts that the Court's and the parties' time is best served by the setting of discovery and class certification dates during the case management hearing. *See* Fed. R. Civ. P. 1.

<u>DEFENDANT</u>:

It is premature to set certification dates until the pending motion to dismiss is decided, for the same reasons that it would be premature to set discovery dates. Furthermore, it may be that the next order of business should be summary judgment and not class certification. Defendant respectfully suggests that the Court should convene a new case management conference once the motion to dismiss is ruled upon.

At the appropriate time to set a schedule, Defendant believes that the briefing schedule on any motion for class certification should reflect the amount of time necessary to conduct expert

and factual discovery. Consequently, any class certification schedule that is set should afford Defendant at least 60 days from the date of the motion to prepare its opposition.

**10)    RELATED CASES**

<u>PLAINTIFF</u>:

Plaintiff is unaware of any actions related to this action against Defendant. The *Augustine* case is not related because it involves different parties and different, specific advertising.

<u>DEFENDANT</u>:

Plaintiff's Counsel has recently filed a similar case against another Tea manufacturer asserting similar claims, which is venued in the Southern District of California. *Augustine v. Natrol Products, Inc.* Case No. 13-CV-3129-H-DHB. The *Augustine* matter has been stayed due to bankruptcy proceedings commenced by defendant Natrol. This case has not been related to this case.

**11)    RELIEF**

Plaintiff's complaint seeks the following relief:

• An order declaring this action to be a proper Class Action and requiring Defendant to bear the costs of class notice;

• An order awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the alleged unlawful practices;

• An order awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;

• An order compelling Defendant to engage in a corrective advertising campaign to inform the public concerning the "true nature" of the Teas.

• An order awarding damages and punitive damages;

• An order awarding attorneys' fees and costs; and

• An order providing such further relief as this Court deems proper.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**12) SETTLEMENT AND ADR**

The parties have agreed to private mediation. Counsel for both parties agree that ADR should be delayed until the parties have had initial discovery and a chance to evaluate the case with that information.

**13) CONSENT TO MAGISTRATE JUDGE**

On April 29, Plaintiff filed a Declination to Proceed Before a Magistrate Judge. The case has been assigned to the Honorable Maxine M. Chesney.

**14) OTHER REFERENCES**

None at this time.

**15) NARROWING OF ISSUES**

PLAINTIFF:

Plaintiff would propose that the Rule 23(a) element of numerosity can and should be agreed to by the parties as a non-contested element of Plaintiff's motion for class certification.

DEFENDANT:

Defendant will not stipulate that the Rule 23(a) element of numerosity is a "non-contested element." At present, the parties are not aware of any issues that can be narrowed by agreement.

**16) EXPEDITED TRIAL PROCEDURE**

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

**17) SCHEDULING**

PLAINTIFF:

Plaintiff proposes that discovery commence in this action immediately after conclusion of the case management hearing, and that the Court set dates for the close of factual discovery, close of expert discovery, and class certification briefing.

Plaintiff further believes that discovery should not be bifurcated by between merits and damage issues, as Defendant is likely to contend, in light of the trend of Courts holding these facts and issues are inextricably interwoven. Discovery should also not be limited to Products

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

Plaintiff purchased because Plaintiff may seek to certify a class relating to products that bear similar advertising to that on the Products he did purchase. Moreover, the issue of whether a named plaintiff has standing to represent purchasers of other products is an issue reserved for class certification, and Defendants may not unilaterally deny Plaintiff relevant evidence or evidence that will lead to the discovery of admissible evidence. *See, e.g., Bruno v. Quten Research Inst., LLC*, 280 F.R.D. 524, 530 (C.D. Cal. 2011) ("District courts in California routinely hold that the issue of whether a class representative may be allowed to present claims on behalf of others who have similar, but not identical, interests depends not on standing, but on an assessment of typicality and adequacy of representation." (internal quotation marks and citations omitted) . . . Treatises and other circuits reach the same conclusion."); *see also Koh v. SC Johnson & Son, Inc.*, 10 WL 94265, at *3 (N.D. Cal. Jan. 6, 2010) (noting "there is no brightline rule that different product lines cannot be covered by a single class"); *Anderson v. Jamba Juice Co.*, 888 F. Supp. 2d 1000, 1006 (N.D. Cal. 2012) (plaintiff had standing to bring claims regarding other smoothie kit flavor purchasers because "same alleged misrepresentation was on all of the smoothie kit[s] regardless of flavor").

Plaintiff anticipates needing discovery regarding all issues and claims set forth in the operative Complaint, including but not limited to: Defendants' advertising and marketing of its Products, sales and financial records, scientific and clinical studies, consumer surveys, and labeling and packaging regarding the Products, to prove Plaintiff's claims that Defendants' advertising and labeling is uniform, false, misleading or unlawful; and to obtain information about potential class members.

Plaintiff will also require discovery on damages in order to satisfy her pleading obligations at the class certification stage. Parties seeking class certification must "establish that damages could be measured on a classwide basis" in order to establish predominance. *Comcast v. Behrend*, 569 U.S. __, 133 S. Ct. 1426, 1431, n.4 (2013). "Calculations need not be exact, . . . but at the class-certification stage (as at trial), any model supporting a 'plaintiff's damages case must be consistent with its liability case." *Id.* at 1433 (citation omitted). A party seeking class certification should meet this burden of proof with "evidence demonstrating the existence of a classwide method of awarding relief that is consistent with the plaintiffs' theory of liability." *See Guido v. L'Oreal, USA, Inc.*, Nos. CV 11-1067 CAS (JCx), 2013 WL 3353857 at *15 (C.D. Cal. July 1, 2013). The Court should bear in mind, however, that "predominance requires a qualitative assessment . . . it is not bean counting." *Butler v. Sears, Roebuck & Co.*, 727 F.3d

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT
Case No.: 3:14-CV-01570-MMC

796, 801 (7th Cir. Aug. 22, 2013), *cert. denied*, *Sears, Roebuck & Co. v. Butler*, 134 S. Ct. 1277 (2014). Thus, Plaintiff's evidence must . . show that class wide relief is tethered to common and predominate theories of liability, and need not consist of calculations of damages on the merits. *Id.* (finding error where "district court asked not for a showing of common questions, but for a showing of common answers to those questions). Accordingly, Plaintiff will need to discover such information prior to filing his class certification motion.

Plaintiff believes the above-referenced topics are directly relevant to class certification issues because at the certification stage, the trial court engages in a "rigorous analysis" to ensure the Rule 23 class certification requirements have been satisfied. *Gen. Tel. Co. of the S.W. v. Falcon*, 457 U.S. 147, 161 (1982). In doing so, the court may "probe behind the pleadings" to determine that the requirements have been met, which may "entail some overlap with the merits of the plaintiff's underlying claim." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011).

Based on the foregoing, Plaintiff would be severely prejudiced if discovery does not proceed expeditiously; if discovery is bifurcated and she is forced to proceed without being able to obtain relevant foundational documents in support of her and the class' damages claims prior to filing her motion for class certification.

<u>DEFENDANT</u>:

It is premature to discuss scheduling at this time. Should the Court deny Defendant's motion to dismiss, the parties should meet and confer regarding a proposed schedule. In any event, Defendant proposes that factual discovery proceed in two phases.

In the first phase, discovery should be limited to issues concerning class certification. In the event discovery concerning class certification issues overlaps with discovery concerning merits issues, the parties should meet and confer to resolve any disputes concerning what discovery is appropriate in the first phase. In the second phase, the parties make take discovery concerning the merits of the claims.

Bifurcation of discovery in this manner is appropriate because the scientific nature of Plaintiff's merits claim (e.g., the assertion that the Teas are dangerous because they contain senna, consumption of which can allegedly lead to hepatitis, liver failure, arthritis and finger

**Gordon & Rees LLP**
275 Battery Street, Suite 2000
San Francisco, CA 94111

clubbing, cancer and laxative dependency) has little bearing on the certification issues, which focus in part on the question of reliance (e.g., whether it was reasonable for class members to rely on the Packaging as representing that the Teas were somehow a "natural means to help lose weight" notwithstanding the absence of any such representation on the Teas' packaging).

**18) TRIAL**

PLAINTIFF:

Plaintiff estimates 7-8 days for trial of this matter. Plaintiff has requested a jury trial with respect to claims that may be so adjudicated.

DEFENDANT:

Defendant respectfully submits that it is premature to set trial dates or estimate the length of trial.

**19) DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

PLAINTIFF:

Plaintiff will file her Certificate of Interested Parties and initial disclosures on July 18, 2014.

DEFENDANT:

Defendant filed a Certificate of Interested Parties on May 23, 2014.

**20) OTHER MATTERS**

None at this time.

Dated: September 4, 2014          GORDON & REES LLP

By:    _/s/ Dion N. Cominos_
        DION N. COMINOS
        RYAN B. POLK
        Attorneys for Defendant
        TRIPLE LEAF TEA, INC.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Dated: September 4, 2014

LAW OFFICES OF RONALD A. MARRON

By:   */s/ Ronald A. Marron*
      Ronald A Marron
      Skye Resendes
      651 Arroyo Drive
      San Diego, CA 92103
      Tel. (619) 696-9006
      Fax (619) 564-6665

      Attorneys for Plaintiff and the Proposed
      Class

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**