DION N. COMINOS (SBN: 136522)
dcominos@gordonrees.com
RYAN B. POLK (SBN: 230769)
rpolk@gordonrees.com
GORDON & REES LLP
Embarcadero Center West
275 Battery Street, Suite 2000
San Francisco, CA 94111
Telephone: (415) 986-5900
Facsimile: (415) 986-8054

Attorneys for Defendant
TRIPLE LEAF TEA, INC.

[Additional counsel on signature page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE JOHNSON, individually, on behalf of all others similarly situated, and the general public,<br><br>Plaintiff,<br><br>v.<br><br>TRIPLE LEAF TEA INC,,<br><br>Defendant. | CASE NO. 3:14-cv-01570-MMC<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date: March 20, 2015<br>Time: 10:30 a.m.<br>Courtroom: 7<br><br>Complaint Filed: April 4, 2014 |



Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

The parties, Eunice Johnson ("Plaintiff") and Triple Leaf Tea ("Defendant") submit this Joint Case Management Statement pursuant to this Court's October 31, 2014 Order (Dkt. 41) and the upcoming Case Management Conference schedule for Friday, March 20, 2015. The parties have met and conferred.

**1) JURISDICTION AND SERVICE**

Defendant was properly served.

PLAINTIFF:

Plaintiff maintains that this Court has personal jurisdiction over Defendant because Defendant is headquartered in and has its principal place of business in San Francisco, California. Pursuant to this Court's September 23, 2014 Order (Dkt. 33), Plaintiff has Article III and statutory standing because she suffered an economic injury caused by Defendant's false and misleading advertising. Plaintiff believes that all proper parties to this action have been served. Plaintiff is unaware of any remaining issues concerning jurisdiction or venue.

DEFENDANT:

Defendant maintains that Plaintiff lacks standing because she has not suffered Article III "injury in fact." There are no issues with respect to personal jurisdiction or venue. Defendant does not agree that this Court has subject matter jurisdiction.

**2) FACTS**

Plaintiff filed a Class Action Complaint on April 4, 2014. Defendant filed a Motion to Dismiss on May 16, 2014 (Dkt. 14). Plaintiff filed her Opposition to Plaintiff's Motion to Dismiss on June 18, 2014 (Dkt. 20). On September 23, 2014, the Court DENIED Defendant's Motion to Dismiss and/or Strike the Complaint in its entirety (Dkt. 33).

The Parties attended the Case Management Conference on October 31, 2014, during which the Parties agreed to private mediation. The Parties attended an all-day mediation with Hon. Judge Sabraw (Ret.) on February 3, 2015, and thereafter reached a tentative settlement.

///

///

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

PLAINTIFF:

The claims on behalf of Plaintiff and the putative class arise out of Defendant's false, deceptive, and otherwise unlawful marketing scheme and business acts and practices concerning Triple Leaf's Senna Leaf tea products. For years, the Products have been and continues to be marketed by the Defendant as weight loss teas that are also designed to support reduction of excess body fats and accumulated toxins. However, the main ingredient in the Products is Cassia Anjustifolia, or Senna Leaves, a stimulant laxative that does not assist in weight loss and actually causes chronic bloating and constipation. Further, as a diet lasts longer than a ten day period of time, the Products' marketing as weight loss teas is false or deceptive. Moreover, regular use of the Product, which the front-of-pack marketing claims encourage, can cause dependence on stimulant laxatives.

When purchasing the Product, Plaintiff was seeking a product that would help her lose weight and excess fat in her body as Defendant promised, represented and warranted. Moreover, Plaintiff sought a product that was generally healthy, as the Product promised to help eliminate toxic waste from the body, but the Product is not generally healthy as it will ultimately cause slowing of normal bowel function, loss of electrolytes from the body, and dependence on stimulant laxatives, all of which will increase toxic waste in the body and not reduce it. Senna has a laxative effect but is not a bulk forming laxative. Therefore, it should not be taken on a regular basis at all. Further, calories are absorbed by the body within the small intestine by means of the intestinal villi. The colon – which is where the Product has its laxative effect on the body – is not where calories are taken up by the human body. Therefore, marketing the Product as a weight loss tool is false and deceptive.

Thus, Plaintiff alleges Defendants' Senna Leaf weight loss tea Products are false or deceptively advertised to the public. Plaintiff alleged she purchased and used the tea but it was not as advertised for the reasons set forth above, and as set forth in more detail in the Complaint.

DEFENDANT:

Plaintiff purports to bring this putative class action lawsuit on behalf of consumer who purchased Triple Leaf's "Dieter's Green Herbal Tea," "Ultra Slim Herbal Tea," and "Super

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Slimming Herbal Tea" (collectively referred to as "the Teas"). Plaintiff alleges that she bought a box of Dieter's Green tea in Kansas City, Missouri in November 2012. She does not allege, however, that she bought either the Ultra Slim Herbal Tea and/or Super Slimming Herbal Tea. Plaintiff also fails to allege that she actually brewed and drank the tea.

The root of Plaintiff's claims is that the Teas "contain no weight loss ingredients or fat burners" and do not constitute "an effective treatment for weight loss or appetite suppression and [do] not work as advertised." Plaintiff also claims that Triple Leaf somehow "conceals the dangers" of two ingredients contained in the Teas – senna leaf (*cassia angustfolia*) and Chinese mallow (*malva verticillata*). According to Plaintiff, these alleged deficiencies resulted in the Teas being "unlawful misbranded foods" for purposes of the Food, Drug, and Cosmetic Act ("FDCA") thereby violating California's Sherman Law.

Defendant denies that any laws were violated and contend that Plaintiff's claims lack merit.

**3) LEGAL ISSUES**

Plaintiff asserts various state law claims including: the "unlawful" prong of California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200); the UCL's "unfair" prong; the UCL's "fraudulent" prong; false and deceptive advertising under the False Advertising Law (Bus. & Prof. Code § 17500); the Consumers Legal Remedies Act (Civ. Code § 1750); and causes of action for breach of express and implied warranty.

**4) MOTIONS**

PLAINTIFF:

Plaintiff filed her Opposition to Plaintiff's Motion to Dismiss on June 18, 2014 (Dkt. 20). On September 23, 2014, the Court DENIED Defendant's Motion to Dismiss and/or Strike the Complaint in its entirety (Dkt. 33). Plaintiff is unaware of any pending motions. As the Parties intend to settle this dispute, Plaintiff anticipates Motions for Preliminary and Final Approval of the forthcoming Final Settlement Agreement.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Additionally, Plaintiff believes any remaining issues relating to discovery disputes may be determined by motion. Plaintiff, however, intends to resolve discovery disputes informally, and file such motion(s) only as a last resort.

DEFENDANT:

Defendant filed a motion to dismiss Plaintiff's complaint, which was set for hearing on July 25, 2014 at 9:00 a.m. The Court vacated the hearing and took the motion to dismiss under submission (Doc. No. 28). Should this case continue beyond the motion to dismiss stage, Defendant intends to file a motion for summary judgment.

JOINT POSITION:

The parties agree to email a PDF version of any redacted briefs upon filing, in addition to formal service of all papers and exhibits.

**5) AMENDMENT OF PLEADINGS**

PLAINTIFF:

As the Parties intend to settle this dispute, Plaintiff currently does not anticipate further amendments to her pleadings. In the event the Parties cannot find agreement, Plaintiff reserves the right to move to amend her complaint by, among other things, adding or substituting class representatives and/or amending to include additional defendants, depending on facts obtained through discovery in this case. In the event class certification is denied, Plaintiff intends to continue the matter as an individual action and would amend the Complaint accordingly.

DEFENDANT:

The filing of amended pleadings will be dictated by the Court's order following Defendant's pending motion to dismiss.

**6) EVIDENCE PRESERVATION**

Defendant and Plaintiff have each represented that steps have been taken to preserve evidence relevant to this litigation.

///

///

**Gordon & Rees LLP**
**275 Battery Street, Suite 2000**
**San Francisco, CA 94111**

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

**7) DISCLOSURES**

Plaintiff and Defendant have fully complied with the Initial Disclosure requirements of Fed. R. Civ. P. 26. Disclosures included information concerning the parties and persons likely to have information about the products, images of the products and their labels used during the putative class period, and damages information.

**8) DISCOVERY**

Plaintiff has propounded targeted discovery in the form of Interrogatories, Request for Production and Request for Admissions. The parties have reviewed the ESI Guidelines regarding electronically stored information and will meet and confer should the need arise to discuss discovery. There are currently no discovery disputes.

**9) CLASS ACTIONS**

PLAINTIFF:

This case is a putative class action. Plaintiff anticipates filing a motion for preliminary approval of a class action settlement within approximately 75 days of today's date. Plaintiff requests the Court to set a date for a preliminary approval motion approximately 60 days from the date of the CMC hearing, to encourage the Parties to continue to move forward in submitting papers on the settlement in a timely fashion.

DEFENDANT:

Defendant agrees that this is a putative class action. Defendant respectfully requests that the Court set the hearing date for the Motion for Preliminary Approval on June 19, 2015 and Motion for Final Approval on October 23, 2015.

**10) RELATED CASES**

PLAINTIFF:

Plaintiff is unaware of any actions related to this action against Defendant. The *Augustine* case is not related because it involves different parties and different, specific advertising.

///

DEFENDANT:

Plaintiff's Counsel has recently filed a similar case against another Tea manufacturer asserting similar claims, which is venued in the Southern District of California. *Augustine v. Natrol Products, Inc.* Case No. 13-CV-3129-H-DHB. The *Augustine* matter has been stayed due to bankruptcy proceedings commenced by defendant Natrol. This case has not been related to this case.

**11) RELIEF**

Plaintiff's complaint seeks the following relief:

- An order declaring this action to be a proper Class Action and requiring Defendant to bear the costs of class notice;
- An order awarding declaratory and injunctive relief as permitted by law or equity, including enjoining Defendant from continuing the alleged unlawful practices;
- An order awarding restitution and disgorgement of Defendant's revenues to Plaintiff and the proposed Class members;
- An order compelling Defendant to engage in a corrective advertising campaign to inform the public concerning the "true nature" of the Teas.
- An order awarding damages and punitive damages;
- An order awarding attorneys' fees and costs; and
- An order providing such further relief as this Court deems proper.

**12) SETTLEMENT AND ADR**

The Parties agreed to private mediation at the Case Management Conference on October 31, 2014 (Dkt. 41). Thereafter the Parties began exchanging targeted discovery requests to enable Plaintiff's counsel to conduct due diligence in evaluating the case for possible settlement.

On February 3, 2015, the Parties participated in an all-day mediation with Honorable Judge Sabraw (Ret.). Thereafter, the Parties managed to establish a framework for settlement, but are still working on a final memorialized agreement. Setting deadlines at the CMC will assist the parties in moving this matter toward resolution.

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

## 13) CONSENT TO MAGISTRATE JUDGE

The case has been assigned to Honorable Maxine M. Chesney for all proceedings in this matter (Dkt. 11).

## 14) OTHER REFERENCES

None at this time.

## 15) NARROWING OF ISSUES

PLAINTIFF:

None at this time.

DEFENDANT:

Defendant will not stipulate that the Rule 23(a) element of numerosity is a "non-contested element." At present, the parties are not aware of any issues that can be narrowed by agreement.

## 16) EXPEDITED TRIAL PROCEDURE

The parties do not believe this case can be handled on an expedited basis with streamlined procedures.

## 17) SCHEDULING

PLAINTIFF:

Given the Parties' intent to settle on a classwide basis, the Court should set the following motion dates now, to ensure the speedy resolution of this case:

Motion for Preliminary Approval: May 15, 2015

Motion for Final Approval: September 18, 2015

Should the Parties not present a preliminary approval motion or stipulation to continue the same by May 15, 2015, then the Court should, at that time, hold a conference to schedule discovery related issues, dispositive motions, pretrial conference and trial.

DEFENDANT:

In light of the pending settlement, Triple Leaf respectfully requests that the Court set the following dates for resolution of this case:

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Motion for Preliminary Approval: June 19, 2015

Motion for Final Approval: October 23, 2015

Should the Parties not present a preliminary approval motion or stipulation to continue the same by June 19, 2015, then the Court should, at that time, hold a conference to schedule discovery related issues, dispositive motions, pretrial conference and trial.

**18) TRIAL**

The Parties agree that trial scheduling should be postponed for now. *See* Discussion in Section 17, Supra.

**19) DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS**

PLAINTIFF**:**

Plaintiff filed her Certificate of Interested Parties on July 18, 2014.

DEFENDANT:

Defendant filed a Certificate of Interested Parties on May 23, 2014.

**20) PROFESSIONAL CONDUCT**

All attorneys of record for the Parties involved have reviewed and understand the Guidelines for Professional Conduct for the Northern District of California.

**21) OTHER MATTEERS**

None at this time

Dated: March 13, 2015

GORDON & REES LLP

By: */s/ Dion N. Cominos*
DION N. COMINOS
RYAN B. POLK
Attorneys for Defendant
TRIPLE LEAF TEA, INC.

Dated: March 13, 2015

LAW OFFICES OF RONALD A. MARRON

By: */s/ Ronald A. Marron*
Ronald A Marron
Skye Resendes
Attorneys for Plaintiff and the Proposed Class



Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111

Gordon & Rees LLP
275 Battery Street, Suite 2000
San Francisco, CA 94111