# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE JOHNSON, individually, on behalf of all others similarly situated, and the general public,<br><br>      Plaintiff,<br><br>v.<br><br>TRIPLE LEAF TEA INC.,<br><br>      Defendant. | CASE NO.  3:14-cv-01570-MMC<br><br>**CLASS ACTION**<br><br>**[PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT, CERTIFYING THE CLASS, APPOINTING CLASS REPRESENTATIVES AND CLASS COUNSEL, APPROVING NOTICE PLAN, AND SETTING FINAL APPROVAL HEARING**<br><br>Judge: Hon. Maxine M. Chesney<br>Date:   June 19, 2015<br>Time:   9:00 a.m.<br>Courtroom:  7 (19th Floor)<br><br>Complaint Filed:  April 4, 2014 |

After arms-length settlement discussions between Plaintiff Eunice Johnson and Defendant Triple Leaf Tea, Inc.  (the "Parties"), the Parties have entered into a Settlement Agreement ("Agreement") with respect to the above captioned matter dated May 15, 2015, which, if approved, would resolve this putative class action ("the Litigation").

1. The capitalized terms used in this Preliminary Approval Order shall have the meanings and/or definitions given to them in the Agreement, or if not defined therein, the meanings and/or definitions given to them in this Preliminary Approval Order.

Plaintiff and Class Counsel maintain that the Litigation and the claims asserted therein are meritorious and that Plaintiff and the Class would have prevailed at trial.  Notwithstanding, Plaintiff and Class Counsel state they have agreed to settle the Litigation pursuant to the provisions of the Agreement, after considering, among other things: (i) the substantial benefits to Plaintiff and the Class under the terms of this Agreement; (ii) the uncertainty of being able to prevail at trial; (iii) the uncertainty relating to Defendant's defenses and the expense of additional motion practice in connection therewith; (iv) the issues relating to proving damages on an individual Class Member basis; (v) the attendant risks of litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (vi) the desirability of consummating this Settlement promptly in order to provide effective relief to Plaintiff and the Class.

Plaintiff and Class Counsel agree that this Agreement is fair, reasonable, and adequate because, they argue, it provides substantial benefit to the Class, is in the best interests of the Class, and fairly resolves the claims alleged in this Litigation.

Defendant expressly denies any wrongdoing alleged in the pleadings in the Litigation, and does not admit or concede any actual or potential fault, wrongdoing, or liability in connection with any facts or claims which have been or could have been alleged against it in the Litigation.  Defendant nonetheless considers it desirable for the Litigation to be settled and dismissed, because, it argues, the proposed settlement will: (i) avoid further expense and disruption of the management and operation of Defendant's business due to the pendency and defense of the Litigation; (ii) finally put Plaintiff's and the Class' claims and the underlying matters to rest; and (iii) avoid the substantial expense, burdens, and uncertainties associated with a potential finding of liability and damages for Plaintiff and the Class on the claims alleged in the Complaint in the Litigation.

1    The Court has read and considered the Agreement and all exhibits thereto, including the proposed notices and claim form, and finds there is sufficient basis for: (1) granting preliminary approval of the Agreement; (2) certifying a class for settlement purposes; (3) appointing Plaintiff Eunice Johnson as Class Representative and her counsel as Class Counsel; (4) directing that Notice be disseminated to the Class; and (5) setting a hearing at which the Court will consider whether to grant final approval of the Agreement.

The Court now **GRANTS** the motion for preliminary approval and makes the following findings and orders:

1. Pursuant to Federal Rule of Civil Procedure 23, the Court hereby certifies this Litigation as a class action on behalf of the following certified Class:

> All persons who purchased, on or after April 4, 2010, Defendant's Dieter's Green Herbal Tea, Ultra Slim Herbal Tea, and/or Super Slimming Herbal Tea Products, in all sizes and package iterations, for personal or household use during the Class Period (April 4, 2010 to October 16, 2015). Excluded from the Class are Triple Leaf, its employees, parents, subsidiaries, affiliates, officers and directors, and those who purchased the Products for resale.

2. The Court finds that the Class meets the requirements of Rule 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure. Joinder of all Class Members in a single proceeding would be impracticable, if not impossible, because of their numbers and dispersion. Common issues exist among Class Members and predominate over questions affecting individual Class Members only. In particular, each Class Member's claim depends on whether the representations made by Defendant on the packaging, labeling, and marketing of the Products, which were uniform throughout the United States, were misleading to a reasonable consumer. Plaintiff's claims are typical of, indeed identical, to those of the Class, as Plaintiff was exposed to Defendant's diet and health-related claims and purchased the Product(s) in reliance on those claims. Plaintiff and her counsel will fairly and adequately protect the interests of the Class, as Plaintiff has no interests antagonistic to the Class, and has retained counsel who are experienced and competent to prosecute this matter on behalf of the Class. Finally, a class settlement is superior to other methods available for a fair resolution of the controversy.

3. The Court approves Eunice Johnson as Class Representative.

4. Having considered the factors set forth in Rule 23(g)(1) of the Federal Rules of Civil Procedure, the Court appoints Plaintiff's counsel, the Law Offices of Ronald A. Marron, APLC, to serve as Class Counsel.

5. The Court preliminarily approves the Agreement, finding that its terms appear sufficient, fair, reasonable, and adequate to warrant dissemination of Notice of the proposed settlement to the Class. The Agreement contains no obvious deficiencies and the Parties appear to have entered into the Agreement in good faith, following arms-length negotiation between their respective counsel. The Court's preliminary approval of this Agreement is made subject to further consideration at the Final Approval Hearing.

6. Pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, the Court will hold a final approval hearing on November 13, 2015, at 9:00 a.m. (the "Final Approval Hearing Date"), in Courtroom 7, United States District Court for the Northern District of California, for the following purposes:

    a. finally determining whether the Class meets all applicable requirements of Federal Rules of Civil Procedure 23(a) and (b), and, thus, the Class' claims should be certified for purposes of effectuating the Settlement;

    b. determining whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate and should be approved by the Court;

    c. considering the application of Class Counsel for an award of attorneys' fees and costs, as provided for in the Agreement;

    d. considering the application of the named Plaintiff for a class representative incentive award, as provided for in the Agreement;

    e. considering whether the Court should enter the [Proposed] Judgment, Final Order and Decree;

    f. considering whether the release by the Class Members of the Released Claims as set forth in the Agreement should be provided; and

    g. ruling upon such matters as the Court may deem just and appropriate.

7. Class Members must file and serve any objections to the proposed settlement no later than October 16, 2015, including any memoranda and/or submissions in support of the objections, which deadline will be set forth in the Class Notice.

8. All papers in support of the Agreement must be filed with the Court and served at least fourteen (14) calendar days prior to the Final Approval Hearing Date. Any response to an objection must be filed and served at least fourteen (14) days prior to the Final Approval Hearing Date.

9. Any application for an award of attorneys' fees and costs and class representative incentive award must be filed with the Court and served no later than August 11, 2015. After filing, the application for fees and costs and incentive award shall be posted on the Settlement Website for review by Class Members.

10. The Court approves the form and procedure for disseminating Notice of the proposed Settlement to the Class as set forth in the Agreement, as modified by the Joint Supplemental Briefing, filed June 25, 2015. This Litigation concerns retail products for which the Parties do not have direct notice information for class members. Accordingly, the Notice Plan provides for notice to the Class by publication. The Court finds that the Notice Plan submitted by the Parties constitutes the best notice practicable under the circumstances, and constitutes valid and sufficient notice to the Class in full compliance with the requirements of applicable law, including Rule 23 of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

11. Within thirty (30) days after the date of entry of this Order, Defendant shall disseminate the Class Notice in the form attached hereto as Exhibits A and B. The manner and form of such dissemination shall be as set forth in the Notice Plan attached as Exhibit D to the Agreement, as modified by the Joint Supplemental Briefing.

12. The Court approves the designation of KCC to serve as the Court-Appointed Class Action Administrator for the settlement. The Class Action Administrator shall disseminate

Class Notice and supervise and carry out the Notice Plan, and other administrative functions, and shall respond to Class Member inquiries under the direction and supervision of the Court.

13. The Court directs the Class Action Administrator to establish a Class Settlement Website, making available copies of this Order, Class Notice, the Settlement Agreement and all exhibits thereto, a toll-free hotline, and such other information as may be of assistance to Class Members or required under the Agreement. The Class Settlement Website shall be made available to Class Members no later than July 13, 2015, and continuously thereafter until thirty (30) days after the Final Approval Hearing.

14. As set forth in the Agreement, within seven (7) calendar days of the date of this Order, Triple Leaf shall pay up to $50,000, plus any additional sums ordered by the Court, for the purpose of Plaintiff providing notice to the Class, including all costs and expenses associated with the Class Notice, creating and maintaining the Class Settlement Website, and all other Class Action Administrator and Class Notice expenses. The Parties shall jointly retain the services of KCC as their Class Action Administrator but Triple Leaf shall bear the full cost of notice if final approval is not granted.

15. No later than fourteen (14) days prior to the Final Approval Hearing Date, Defendant, through the Class Action Administrator, shall file an affidavit and serve a copy on Class Counsel, attesting that notice was disseminated as required by the terms of the Notice Plan or as ordered by the Court. Defendant shall also notify Class Counsel of the costs of attaining the labeling changes per the injunctive relief set forth in the Agreement.

16. All Class Members shall be bound by all determinations and judgments in the Litigation concerning the settlement, whether favorable or unfavorable to the Class.

17. Any person falling within the definition of the Class may, upon his or her request, be excluded from the Class. Any such person must submit a completed request for exclusion to the Class Action Administrator postmarked or delivered no later than October 16, 2015 ("Opt-Out and Objection Deadline"). The Class Action Administrator shall promptly forward copies of

all requests for exclusion to Class Counsel and counsel for Defendant. Requests for exclusion purportedly filed on behalf of groups of persons are prohibited and will be deemed void.

18. Any Class Member who does not send a completed, signed request for exclusion to the Class Action Administrator postmarked or delivered on or before the Opt-Out and Objection Deadline will be deemed to be a Class Member for all purposes and will be bound by all further orders of the Court in this Litigation and by the terms of the settlement, if finally approved by the Court. The written request for exclusion must request exclusion from the Class, must be signed by the potential Class Member and include a statement indicating that the person is a member of the Class. All persons who submit valid and timely requests for exclusion shall not be bound by the Agreement, if approved by the Court, or by any Final Judgment and Order.

19. Any person falling within the definition of the Class may object to the Agreement. Objections purportedly filed on behalf of groups of persons are prohibited and will be deemed void. To be considered, all objections must be timely, in writing, signed and dated by the objector (or his or her attorney, if applicable), must reference the abbreviated name and case number of the Litigation, and must contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; and (iii) the factual basis and legal grounds for the objection. Plaintiff or Defendant or both may take discovery regarding the objection, subject to Court approval.

20. If a Class Member hires an attorney to represent him or her in support of a timely and properly submitted objection, and the attorney wishes to appear at the Final Approval Hearing, in addition to the foregoing requirements, that attorney must (1) file both an entry of appearance and a notice of intention to appear and participate at the Final Approval Hearing with the Clerk of the Court no later than October 16, 2015, and (2) if said documents are not electronically filed, mail copies of the entry of appearance and the notice of intention to appear and participate at the Final Approval Hearing to Counsel for Defendant and Class Counsel, postmarked no later than October 16, 2015.

1       21. A Class Member who appears at the Final Approval Hearing, either personally or through counsel, will be permitted to argue only those matters that were set forth in the timely and validly submitted written objection filed by such Class Member.  No Class Member shall be permitted to raise matters at the Final Approval Hearing that the Class Member could have raised in his/her written objection, but failed to do so, and all objections to the Agreement that are not set forth in a timely and validly submitted written objection are deemed waived.

      22. If a Class Member wishes to present witnesses or evidence at the Final Approval Hearing in support of a timely and validly submitted objection, all witnesses must be identified in the objection, and true and correct copies of all supporting evidence must be appended to, or filed and served with, the objection.  Failure to identify witnesses or provide copies of supporting evidence in this manner waives any right to introduce such testimony or evidence at the Final Approval Hearing.

      23. All objections must be filed with the Clerk and served on the Parties' counsel no later than the Opt-Out and Objection Deadline.  Objections filed after the Opt-Out and Objection Deadline will not be considered at the Final Approval Hearing.  A Class Member's failure to submit a written objection within the Opt-Out and Objection Deadline, in conformance with the procedures set forth in the Class Notice, and above, waives any right the Class Member may have to object to the settlement, the Agreement, attorneys' fees and costs, or the Class Representative's incentive award.

      24. Any Class Member who fails to comply with the applicable provisions of the preceding paragraphs concerning their objection shall waive and forfeit any and all rights he or she may have to object, appear, present witness testimony, and/or submit evidence, shall be barred from appearing, speaking, or introducing any testimony or evidence at the Final Approval Hearing, and shall be bound by all the terms of the Agreement, if approved by the Court, and by all the proceedings, orders, and judgments in the Litigation.

1    25.     Class Members who do not oppose the settlement, the applications for attorneys'
2 fees and costs, or Class Representative incentive award need not take any action to indicate their
3 approval.

4    26.     Class Members are preliminarily enjoined from filing, commencing, prosecuting,
5 intervening in, participating in, maintaining as class members or otherwise, directly or indirectly
6 through a representative or otherwise, or receiving any benefits from, any lawsuit, arbitration,
7 government action, administrative or regulatory proceeding or order in any jurisdiction, forum or
8 tribunal asserting any Released Claims.  In addition, all persons are preliminarily enjoined from
9 filing, commencing or prosecuting a lawsuit as a class action (including by seeking to amend a
10 pending complaint to include class allegations or by seeking class certification in a pending
11 action in any jurisdiction) on behalf of Class Members, or asserting any Released Claims.
12 Nothing herein shall require any Class Member to take any affirmative action with regard to
13 other pending class action litigation in which he or she may be an absent class member.

14    27.     The Agreement and the proceedings and statements made pursuant to the
15 Agreement or papers filed relating to the approval of the Agreement, and this Order, are not and
16 shall not in any event be construed as, offered in evidence as, received in evidence as, and/or
17 deemed to be evidence of a presumption, concession, or an admission of any kind by any of the
18 Parties of (i) the truth of any fact alleged or the validity of any claim or defense that has been,
19 could have been, or in the future might be asserted in the Litigation, any other litigation, court of
20 law or equity, proceeding, arbitration, tribunal, investigation, government action, administrative
21 proceeding, or other forum, or (ii) any liability, responsibility, fault, wrongdoing, or otherwise of
22 the Parties.  Defendant has denied and continues to deny the claims asserted by Plaintiff.
23 Nothing contained herein shall be construed to prevent a Party from offering the Agreement into
24 evidence for the purposes of enforcement of the Agreement.

25    28.     The certification of the Class shall be binding only with respect to the settlement
26 of this Litigation.  In the event that the Agreement is terminated pursuant to its terms or is not
27 finally approved by the Court, or such approval is reversed, vacated, or modified in any material
28

1  respect by this or any other Court, the certification of the Class shall be deemed vacated, the
2  Litigation shall proceed as if the Class had never been certified (including Defendant's right to
3  oppose any subsequent motion for class certification), and no reference to the Class, the
4  Agreement, or any documents, communications, or negotiations related in any way thereto shall
5  be made for any purpose.

**IT IS SO ORDERED.**

DATED: June 26, 2015

_____
The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE