1

**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS M. WOOD (SBN 270200)
*alexis@consumersadvocates.com*
651 Arroyo Drive
San Diego, California 92103
Telephone:  (619) 696-9006
Facsimile:  (619) 546-6665

2

3

4

5

6

7

8

*Class Counsel*

9

**UNITED STATES DISTRICT COURT**

10

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

11

12

EUNICE JOHNSON, individually, on behalf of
all others similarly situated, and the general
public,

CASE NO.:  3:14-cv-01570 MMC
CLASS ACTION

13

14

Plaintiff,

**MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT OF PLAINTIFF'S
MOTION FOR ATTORNEY'S FEES, COSTS
AND INCENTIVE AWARD**

15

v.

16

TRIPLE LEAF TEA INC.;

[Filed concurrently with Decl. of Ronald A. Marron]

17

Defendant.

(HEARING DATE SET BY ORDER GRANTING
PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT [DKT. NO. 53])

18

19

Judge:            Hon. Maxine M. Chesney
Courtroom:    7 (19th Floor)
Date:             Nov. 13, 2015
Time:             9:00 a.m.

20

21

22

23

24

25

26

27

28

1

## TABLE OF CONTENTS

2

I.     PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT ................................. 1

II.    STANDARD OF REVIEW ........................................................................................ 2

III.   PLAINTIFF IS ENTITLED TO FEES UNDER GOVERNING CALIFORNIA LAW .......... 2

       A.  The CLRA Requires Fees be Awarded to a "Prevailing Plaintiff" ...................... 3

       B.  The Private Attorney General Statute Separately Entitles a "Successful Party"
           to Fees in Public Interest Cases ................................................................ 3

       C.  Plaintiff is "Prevailing" and "Successful" Under the CLRA and
           Private Attorney General Statute ............................................................... 4

       D.  The Settlement Agreement Provides for Attorneys' Fees, Costs, and Incentive Awards .... 5

IV.    THE COURT SHOULD APPLY THE LODESTAR METHOD TO DETERMINE
       CLASS COUNSEL'S REASONABLE FEES ............................................................. 6

V.     CLASS COUNSEL'S RATES AND HOURS EXPENDED ARE FAIR AND
       REASONABLE ................................................................................................... 7

       A.  Class Counsel's Rates are Reasonable ........................................................ 7

       B.  Class Counsel's Hours Expended are Reasonable ......................................... 13

VI.    CLASS COUNSEL'S REQUESTED FEE IS REASONABLE .................................... 14

       A.  The Results Achieved for the Class ........................................................... 14

       B.  The Effort, Skill, and Experience of Class Counsel ...................................... 17

       C.  The Complexity of the Issues ................................................................... 17

       D.  Risk of Non-Payment, Preclusion of Other Employment, and Ongoing Work ......... 18

       E.  Reaction of the Class ............................................................................. 19

       F.  A Multiplier Would Be Reasonable ........................................................... 19

VII.   THE REQUESTED COSTS ARE FAIR AND REASONABLE .................................... 22

VIII.  THE REQUESTED INCENTIVE AWARD IS FAIR AND REASONABLE ..................... 22

IX.    CONCLUSION ................................................................................................. 24

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

i

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

# TABLE OF AUTHORITIES

**Cases**

*Barcia v. Contain-A-Way, Inc.*,
No. 07cv938-IEG-JMA, 2009 WL 587844 (S.D. Cal. Mar. 6, 2009) .......................... 24

*B-K Lighting, Inc. v. Vision3 Lighting*,
2009 U.S. Dist. LEXIS 111968 (C.D. Cal. Nov. 16, 2009) ............................................ 12

*Blum v. Stenson*,
465 U.S. 886 (1984) ..................................................................................................... 7, 8

*Brazil v. Dell Inc.*, 2012 U.S. Dist. LEXIS 47986 (N.D. Cal. Apr. 4, 2012) ............... 4, 6, 16

*Broughton v. Cigna Healthplans*,
21 Cal. 4th 1066 (1999) ................................................................................................. 3

*Bruno v. Quten Research Inst., LLC*,
No. 8:11-cv-00173-DOC-E, 2013 WL 990495 (C.D. Cal. Mar. 13, 2013) .................... 11

*Camacho v. Bridgeport Fin., Inc.*,
523 F.3d 973 (9th Cir. 2008) .......................................................................................... 7

*Castagnola v. Hewlett Packard Co.*,
No. C 11-05772 JSW, 2012 WL 2159385 (N.D. Cal. June 13, 2012) ..................... 16, 18

*Champion Produce, Inc. v. Ruby Robinson Co.*,
342 F.3d 1016 (9th Cir. 2003) ........................................................................................ 2

*Collado v. Toyota Motor Sales, U.S.A., Inc.*,
2011 U.S. Dist. LEXIS 133572 (C.D. Cal. Oct. 17, 2011) .............................................. 8

*Cunningham v. County of Los Angeles*,
879 F. 2d 481 (9th Cir. 1988) ....................................................................................... 14

*Dunk v. Ford Motor Co.*,
48 Cal. App. 4th 1794 (1996) ....................................................................................... 13

*Farmers Ins. Exch. v. Sayas*,
250 F.3d 1234 (9th Cir. 2001) ........................................................................................ 2

*Fitzgerald v. City of Los Angeles*,
2009 U.S. Dist. LEXIS 34803 (C.D. Cal. Apr. 7, 2009) ................................................. 4

*Gallucci v. Boiron, Inc.*,
No. 11cv2039 JAH (NLS), 2012 WL 5359485 (S.D. Cal. Oct. 31, 2012) .................... 11

*Gee v. Temeco, Inc.*,
615 F.2d 857 (9th Cir. 1980) .......................................................................................... 2

*Graciano v. Robinson Ford Sales, Inc.*,
144 Cal. App. 4th 140 (2006) ......................................................................................... 5

*Graham v. DaimlerChrysler Corp.*,
34 Cal. 4th 553 (2004) ................................................................................................... 4

*Grant v. Capital Mgmt. Servs., L.P.*,
No. 10–cv–2471–WQH (BGS), 2014 WL 888665 (S.D. Cal. Mar. 5, 2014) ................ 17

ii

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

*Grant v. Martinez,*
   973 F.2d 96 (2d Cir. 1992)............................................................................. 13

*Greene v. Dillingham Constr. NA., Inc.,*
   101 Cal. App. 4th 418 (2002) ...................................................................... 19

*Grodensky v. Artichoke Joe's Casino,*
   171 Cal. App. 4th 1399 (2009) ...................................................................... 5

*Harris v. Marhoefer,*
   24 F.3d 16 (9th Cir. 1994)........................................................................... 14

*Hayward v. Ventura Volvo,*
   108 Cal. App. 4th 509 (2003) ...................................................................... 3

*Hensley v. Eckerhart,*
   461 U.S. 424 (1983).......................................................................... 5, 6, 13

*Heston v. Taser Int'l., Inc.,*
   431 Fed. Appx. 586 (9th Cir. 2011) .............................................................. 4

*In re Apple Computer, Inc. Derivative Litig.,*
   2008 U.S. Dist. LEXIS 108195 (N.D. Cal. Nov. 5, 2008)........................... 5, 6

*In re Bluetooth Headset Prods. Liab. Litig.,*
   654 F.3d 935 (9th Cir. 2011).................................................... 2, 5, 7, 14, 19

*In re Equity Funding Corp. Sec. Litig.,*
   438 F. Supp. 1303 (C.D. Cal. 1977) .......................................................... 14

*In re Lorazepam & Clorazepate Antitrust Litig.,*
   205 F.R.D. 369 (D.D.C. Feb. 1, 2002) ....................................................... 23

*In re Media Vision Tech. Sec. Litig.,*
   913 F. Supp. 1362 (N.D. Cal. 1996) ........................................................... 22

*In re Omnivision Techs., Inc.,*
   559 F. Supp. 2d 1036 (N.D. Cal. 2007) ...................................................... 19

*In re Rite Aid Corp. Sec. Litig.,*
   396 F.3d 294 (3d Cir. 2005)....................................................................... 13

*Ingram v. Coca-Cola Co.,*
   200 F.R.D. 685  (N.D. Ga. 2001)................................................................. 6

*Ingram v. Oroudjian,*
   647 F.3d 925 (9th Cir. 2011)........................................................................ 8

*Iorio v. Allianz Life Ins. Co. of N. Am., Inc.,*
   2011 U.S. Dist. LEXIS 21824 (S.D. Cal. Mar. 3, 2011)............................. 12

*Kanter v. Warner-Lambert Co.,*
   265 F.3d 853 (9th Cir. 2001)........................................................................ 4

*Keith v. Volpe,*
   501 F. Supp. 403 (C.D. Cal. 1980) ............................................................ 20

*Ketchum v. Moses,*
   24 Cal. 4th 1122 (2001) ........................................................... 6, 7, 9, 13, 19

iii

*Kim v. Euromotors West/The Auto Gallery*,
149 Cal. App. 4th 170 (2007) ............................................................................... 3

*Kim v. Space Pencil, Inc.*,
No. 11–03796 LB, 2012 WL 5948951 (N.D. Cal. Nov. 28, 2012).......................... 17, 23

*Lindelli v. Town of San Anselmo*,
139 Cal. App. 4th 1499 (2006) ............................................................................. 3

*Louie v. Kaiser Found. Health Plan, Inc.*,
No. 08cv0795 IEG RBB, 2008 WL 4473183 (S.D. Cal. Oct. 6, 2008)................... 24

*Lyons v. Chinese Hosp. Ass'n*,
136 Cal. App. 4th 1331 (2006) ............................................................................. 4

*Margolin v. Regional Planning Comm.*,
134 Cal. App. 3d 999 (1982)................................................................................. 13

*Martin v. AmeriPride Servs.*,
2011 U.S. Dist. LEXIS 61796 (S.D. Cal. June 9, 2011) ...................................... 19

*Mason v. Heel, Inc.*,
No. 3:12-cv-3056-GPC-KSC, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014).......... 10

*Mathis v. Spears*,
857 F.2d 749 (9th Cir. 1988)................................................................................. 12

*Milano v. Interstate Battery Sys. of Am., Inc.*,
2012 U.S. Dist. LEXIS 93192 (N.D. Cal. July 5, 2012) ....................................... 3

*Moreno v. City of Sacramento*,
534 F.3d 1106 (9th Cir. 2008)............................................................................... 4

*Morris v. Affinity Health Plan, Inc.*,
859 F. Supp. 2d 611 (S.D.N.Y. 2012)................................................................... 22

*Natural Gas Anti-Trust Cases, I, II, III & IV*,
Case Nos. 4221, 4224, 4226, 4228, 2006 WL 5377849 (Cal. Super. Ct. Dec. 11, 2006) .............. 20

*Neary v. Regents of Univ. of Cal.*,
3 Cal. 4th 273 (1992) ............................................................................................ 5

*Nicholson v. Barab*,
233 Cal. App. 3d 1671 (1991)............................................................................... 5

*Nigh v. Humphreys Pharmacal Incorporated*,
3:12-cv-02714-MMA-DHB, 2013 WL 5995382 (S.D. Cal. Oct. 23, 2013)............ 11

*Nightingale v. Hyundai Motor Am.*,
31 Cal. App. 4th 99 (1994) ................................................................................... 13

*Parkinson v. Hyundai Motor Am.*,
796 F. Supp. 2d 1160 (C.D. Cal. 2010) ............................................................... 2

*Perdue v. Kenny A.*,
130 S. Ct. 1662 (2010) .......................................................................................... 7

*Perez v. Asurion Corp.*,
No. 06-201734-CIV, 2007 WL 2591180 (S.D. Fla. Aug. 8, 2007) ........................ 17, 23

iv

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

*PLCM Group Inc. v. Drexler*,
    22 Cal. 4th 1084 (2000) ......................................................................... 9

*Rader v. Thrasher*,
    57 Cal. 2d 244 (1962) .......................................................................... 19

*Razilov v. Nationwide Mut. Ins. Co.*,
    No. 01-CV-1466-BR, 2006 WL 3312024 (D. Or. Nov. 13, 2006)...................... 24

*Richardson v. L'Oreal USA, Inc.*,
    951 F. Supp. 2d 104 (D.D.C. 2013) ..................................................... 16, 23

*Rodriguez v. West Publ'g Corp.*,
    563 F.3d 948 (9th Cir. 2009).............................................................. 22, 23

*San Bernardino Valley Audubon Soc'y v. San Bernardino*,
    155 Cal. App. 3d 738 (1984)................................................................... 20

*Schwarz v. Sec'y of Health & Human Servs.*,
    73 F.3d 895 (9th Cir. 1995)...................................................................... 7

*Serrano v. Priest*,
    20 Cal. 3d 25 (1977) ...................................................................... 3, 6, 9

*Serrano v. Stefan Merli Plastering Co.*,
    52 Cal. 4th 1018 (2011) ....................................................................... 3, 4

*Serrano v. Unruh*,
    32 Cal. 3d 621 (1982) ............................................................................ 9

*Sheppard v. Consol. Edison Co. of N.Y., Inc.*,
    No. 94-CV-0403(JG), 2002 WL 2003206 (E.D. N.Y. Aug. 1, 2002)................... 23

*Singer v. Becton Dickinson & Co.*,
    No. 08-CV-821-IEG(BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ........... 24

*Sommers v. Erb*,
    2 Cal. App. 4th 1644 (1992) .................................................................. 13

*Steiner v. Am. Broad. Co., Inc.*,
    Case No. 05-55773, 2007 WL 2460326 (9th Cir. Aug. 29, 2007)..................... 20

*SternwestCorp. v. Ash*,
    183 Cal. App. 3d 74 (1986)..................................................................... 20

*Sundance v. Mun. Ct.*,
    192 Cal. App. 3d 268 (1987)..................................................................... 9

*Trs. of Cent. States Se. & Sw. Areas Pension Fund v. Golden Nugget, Inc.*,
    697 F. Supp. 1538 (C.D. Cal. 1988) ......................................................... 13

*Trs. of Const. Indus. & Laborers Health & Welfare Trust v. Redland Ins. Co.*,
    460 F.3d 1253 (9th Cir. 2006)................................................................... 9

*United Steelworkers of Am. v. Phelps Dodge Corp.*,
    896 F.2d 403 (9th Cir. 1990).................................................................... 9

*Van Vranken v. Atlantic Richfield Co.*,
    901 F. Supp. 294 (N.D. Cal. Aug. 16, 1995) ......................................... 23, 24

v

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

*Victoria v. Super. Ct.*,
40 Cal. 3d 734 (1985) ................................................................................................ 5

*Villegas v. J.P. Morgan Chase & Co.*,
2012 U.S. Dist. LEXIS 114597 (N.D. Cal. Aug. 8, 2012).......................................... 24

*Vizcaino v. Microsoft Corp.*,
290 F.3d 1043 (9th Cir. 2002)............................................................................... 16, 20

*Wershba v. Apple Computer, Inc.*,
91 Cal. App. 4th 224 (2001) ................................................................................ 13, 20

*Winterrowd v. Am. Gen. Annuity Ins. Co.*,
556 F.3d 815 (9th Cir. 2009)...................................................................................... 2

*Woodland Hills Residents Ass'n, Inc. v. City Council*,
23 Cal. 3d 917 (1979) .............................................................................................. 4

**Statutes**

28 U.S.C. § 1920 .................................................................................................... 22

Cal. Civ. Code § 1760 ............................................................................................ 3

Cal. Civ. Code § 1780(e).................................................................................... 2, 3

Cal. Civ. Proc. Code § 1033.5 ............................................................................. 22

Cal. Civ. Proc. Code § 1033.5 (a)(1) ................................................................... 22

Cal. Civ. Proc. Code § 1033.5 (a)(3) ................................................................... 22

Cal. Civ. Proc. Code § 1033.5 (a)(4) ................................................................... 22

Cal. Civ. Proc. Code § 1033.5 (a)(7) ................................................................... 22

Cal. Civ. Proc. Code § 1033.5(c) ........................................................................ 22

Cal. Code Civ. Proc. § 1021.5 ...................................................................... 3, 4, 5

**Rules**

Fed. R. Civ. P. 23(e)(1)(C)..................................................................................... 2

Fed. R. Civ. P. 23(h) .......................................................................................... 1, 2

Fed. R. Civ. P. 52(a), 54(d)(2)(C), 58(a)(3) ......................................................... 2

Fed. R. Civ. P. 54 ................................................................................................ 22

Fed. R. Civ. P. 54(d) ........................................................................................... 22

Fed. R. Civ. P. 54(d)(1)......................................................................................... 2

**Treatises**

Richard Posner, *Economic Analysis of Law* (4th ed. 1992) ................................. 19

**Other Authority**

Fed. Judicial Ctr., Manual for Complex Litig. (Fourth) § 14.121 (2004) ............. 2

vi

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Fed. Judicial Ctr., Manual for Complex Litig. (Fourth) § 14.122 (2004) ............................................... 7

Fed. Judicial Ctr., Manual for Complex Litig. (Fourth) § 21.7 (2004) ................................................... 7

Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 U.C.L.A. Rev. 1303 (2006) ....................................................................... 23

1
2
3
4
5
6
7
8
9
10
11

This Motion comes before the Court pursuant to Rule 23(h) of the Federal Rule of Civil Procedure, and the Order Preliminarily Approving Class Action Settlement and setting final approval hearing, entered on June 26, 2015, which set a Fairness Hearing for November 13, 2015 at 9:00 a.m. in the above-entitled court, including consideration of any separate application for attorney's fees, costs, and an incentive award at that same hearing. Dkt. No. 53 ("PA Order"). Accordingly, Plaintiff Eunice Johnson, on behalf of herself, all others similarly situated, and the general public, by and through her undersigned counsel, hereby respectfully moves this Court for entry of an order granting Plaintiff an award of attorneys' fees to Class Counsel in the amount of $250,000, inclusive of costs of $3,272.22 for the Law Offices of Ronald Marron; and an incentive award to Class Representative Eunice Johnson in the amount of $1,500 for her time and effort in this litigation. In support of the Motion, Plaintiff respectfully submits the following:

12

## I.     **PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT**

13
14
15
16
17
18
19
20
21
22
23

The lodestar analysis applies in this case because there is no common fund. Class Counsel's fee was negotiated with Defendant only after settlement of this case along injunctive relief lines, based on the contours of this case. The fee requested is reasonable, based on hourly rates that have been awarded by other courts and are also in line with other counsel of similar experience, and supported by detailed billing records. Class Counsel's fee is mandated by statute and derives from hours spent investigating, prosecuting, and negotiating this matter. Class Counsel does not request a multiplier unless the Court reduces the rates or time spent, in which case a small multiplier should be applied to allow for risk and the contingent nature of this case. Class Counsel's cost reimbursement request of $3,272.22 is supported by statute and includes costs reasonably necessary to successfully prosecute this action. A separate award of costs is not necessary, unless the Court reduces the fee requested, because the negotiated fee in the Settlement Agreement is inclusive of costs.

24
25
26
27
28

The Court should also, respectfully, award a small incentive payment to Class Representative Eunice Johnson, who initiated this class action consumer protection lawsuit and assisted with its successful prosecution, in the nominal amount of $1,500. Incentive awards encourage consumers to come forward and represent purchasers in small purchase price class actions such as this. The award requested is in line with those awarded in other injunctive relief-only cases.

1

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD

## II.     STANDARD OF REVIEW

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement."  Fed. R. Civ. P. 23(h).  The fee awarded must be "reasonable."  *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 941 (9th Cir. 2011) ["*In re Bluetooth*"].  The decision to award attorneys' fees "is committed to the sound discretion" of the court, and should be based on "the unique contours of the case."  Fed. Judicial Ctr., Manual for Complex Litig. (Fourth) § 14.121 (2004).

In a class action, the court follows Rule 23(h), and the "fundamental focus is the result actually achieved for class members."  *Id.* at § 21.71 (citing Fed. R. Civ. P. 23(h) committee note).  The judgment on attorney's fees and costs must describe the bases for the Court's order, including findings of fact and conclusions of law.  *See id.* § 14.232; Fed. R. Civ. P. 52(a), 54(d)(2)(C), 58(a)(3) (a separate judgment for fees is not required).

Notice to the class of an attorney's fees motion is required, which is ordinarily accomplished in a settlement class by including information about the hearing and motion within the class notice itself. *See* Fed. R. Civ. P. 23(e)(1)(C).  Counsel for the class may also move for costs, if they are a prevailing party.  *See* Fed. R. Civ. P. 54(d)(1).

## III.     PLAINTIFF IS ENTITLED TO FEES UNDER GOVERNING CALIFORNIA LAW

"An award of attorneys' fees incurred in a suit based on state substantive law is generally governed by state law."  *Champion Produce, Inc. v. Ruby Robinson Co.*, 342 F.3d 1016, 1024 (9th Cir. 2003) (citation omitted).  "The task of a federal court in a diversity action is to approximate state law [regarding attorneys' fee awards] as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum."  *Farmers Ins. Exch. v. Sayas*, 250 F.3d 1234, 1236 (9th Cir. 2001) (quoting *Gee v. Temeco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980)). Accordingly, "California substantive law determines the availability and amount of attorney's fees in this diversity case."  *Winterrowd v. Am. Gen. Annuity Ins. Co.*, 556 F.3d 815, 829 (9th Cir. 2009) (citation omitted); *see also Parkinson v. Hyundai Motor Am.*, 796 F. Supp. 2d 1160, 1169 (C.D. Cal. 2010).  Here, Plaintiff invokes the fee-shifting provisions of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1780(e), and Private Attorney General Statute, Cal. Code Civ. Proc. §

2

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

1021.5, which "are designed to incentivize counsel to pursue consumer interests through publicly

beneficial litigation." *Milano v. Interstate Battery Sys. of Am., Inc.*, 2012 U.S. Dist. LEXIS 93192, at *2

(N.D. Cal. July 5, 2012).

**A.      The CLRA Requires Fees be Awarded to a "Prevailing Plaintiff"**

The CLRA provides that the "court shall award court costs and attorney's fees to a prevailing

plaintiff in litigation filed pursuant to this section."  Cal. Civ. Code § 1780(e) (emphasis added).  "The

legislative policy to allow prevailing plaintiffs reasonable attorneys' fees is clear.   Section 1780

provides remedies for consumers who have been victims of unfair or deceptive business practices.   The

provision for recovery of attorney's fees allows consumers to pursue remedies in cases . . . where the

compensatory damages are relatively modest."  *Hayward v. Ventura Volvo*, 108 Cal. App. 4th 509, 512

(2003) (internal citation omitted).  This provision is "integral to making the CLRA an effective piece of

consumer legislation, increasing the financial feasibility of bringing suits under the statute," *Broughton*

*v. Cigna Healthplans*, 21 Cal. 4th 1066, 1086 (1999), and must "be liberally construed and applied to

promote [the statute's] underlying purposes, which are to protect consumers against unfair and

deceptive business practices and to provide efficient and economical procedures to secure such

protection."  *See* Cal. Civ. Code § 1760; *accord Hayward*, 108 Cal. App. 4th at 512-13 ("section 1760

expressly directs [courts] to liberally construe section 1780 to protect consumers").  A fee award to a

prevailing plaintiff in a CLRA action is thus mandatory, even when resolved before trial.  *Kim v.*

*Euromotors West/The Auto Gallery*, 149 Cal. App. 4th 170, 178-79, 181 (2007).

**B.      The Private Attorney General Statute Separately Entitles a "Successful Party" to Fees in**

**Public Interest Cases**

California Code of Civil Procedure "section 1021.5 authorizes an award of attorney fees to a

'private attorney general,' that is, a party who secures a significant benefit for many people by enforcing

an important right affecting the public interest."  *Serrano v. Stefan Merli Plastering Co.*, 52 Cal. 4th

1018, 1020 (2011) ["*Stefan*"].   Consistent with the policies underlying the statute, the entitlement

belongs to both the litigant and her counsel.  *Lindelli v. Town of San Anselmo*, 139 Cal. App. 4th 1499,

1509 (2006); *see also Serrano v. Priest*, 20 Cal. 3d 25, 44 (1977) ["*Priest*"] (purpose of fee-shifting

statutes is to "award . . . substantial attorney fees to those public-interest litigants and their attorneys . . .

3

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

who are successful in such cases" and thereby incentivize "representation of interests of similar character in future litigation"); *accord Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008).

"Although the section 'is phrased in permissive terms . . . the discretion to deny fees to a party that meets its terms is quite limited,' and generally requires a full fee award unless special circumstances would render such an award unjust." *Fitzgerald v. City of Los Angeles*, 2009 U.S. Dist. LEXIS 34803, at *9-10 (C.D. Cal. Apr. 7, 2009) (quoting *Lyons v. Chinese Hosp. Ass'n*, 136 Cal. App. 4th 1331, 1344 (2006)). Fees are awarded when: (1) the action "has resulted in the enforcement of an important right affecting the public interest," (2) "a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons . . .", and (3) "the necessity and financial burden of private enforcement . . . are such as to make the award appropriate . . . ." *Stefan*, 52 Cal. 4th at 1026 (quoting Cal. Code Civ. Proc. § 1021.5, and citing *Woodland Hills Residents Ass'n, Inc. v. City Council*, 23 Cal. 3d 917, 935 (1979)). "The key question is 'whether the financial burden placed on the party [claiming fees] is out of proportion to its personal stake in the lawsuit.'" *Heston v. Taser Int'l., Inc.*, 431 Fed. Appx. 586, 589 (9th Cir. 2011) (quoting *Lyons*, 136 Cal. App. 4th at 1352). Here, Defendant's diet tea products typically retail for around $2, so buyers could not possibly have a stake adequate to litigate. Further, the extensive health benefits and "elimination of allegedly false representations . . . confer[] a benefit on both the class members and the public at large.") *See Brazil v. Dell Inc.*, 2012 U.S. Dist. LEXIS 47986, at *4 (N.D. Cal. Apr. 4, 2012). Thus, Plaintiff has acted as true attorney general and, as discussed below, is the successful party.

## C.   Plaintiff is "Prevailing" and "Successful" Under the CLRA and Private Attorney General Statute

Courts treat the terms "prevailing plaintiff" in the CLRA, and "successful party" in section 1021.5, synonymously, because "[t]he language in the two provisions is not materially different." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001). "In order to effectuate" the policy underlying section 1021.5, and consistent with the construction of comparable statutes, the California Supreme Court has "taken a broad, pragmatic view of what constitutes a 'successful party.'" *Graham v. DaimlerChrysler Corp.*, 34 Cal. 4th 553, 565 (2004). "[A] party need not prevail on every claim to be

4

considered a successful party within the meaning of the statute." *Grodensky v. Artichoke Joe's Casino*, 171 Cal. App. 4th 1399, 1437 (2009) (citation omitted); *see also Graciano v. Robinson Ford Sales, Inc*., 144 Cal. App. 4th 140, 153 (2006) (as with section 1021.5, "[i]t is settled that plaintiffs may be considered 'prevailing parties' for attorney's fees purposes [under the CLRA] if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing the suit." (quotation omitted)).

Plaintiff is a prevailing and successful party because the lawsuit "achieved its main litigation objective": (1) removing false or deceptive advertising from the Product's labeling; (2) adding emphasis to necessary disclaimers and warnings regarding the Product's use; and (3) Defendant's enforceable agreement to refrain from re-introducing the challenged advertising at any time in future, unless permitted by law. *See* Settlement Agreement, Sec. 4. Injunctive relief, such as this, that is "'socially beneficial' . . . justif[ies] a fee award under" the CLRA. *In re Bluetooth*, 654 F.3d at 944.

**D.     The Settlement Agreement Provides for Attorneys' Fees, Costs, and Incentive Awards**

"A request for attorney's fees should not result in a second major litigation. Ideally . . . litigants will settle the amount of a fee." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). That is what the parties have done in the Settlement Agreement. Defendant has agreed to pay a fee plus costs of up to $250,000 to Class Counsel; Defendant also agreed to pay an incentive award to the Class Representative of up to $1,500. Settlement Agreement, Sec. 9.1.

Settlements such as these "are highly favored," in part because they promote efficient resolution of disputes, and therefore interpretation ought to be made in favor of enforcement wherever possible. *See Neary v. Regents of Univ. of Cal.*, 3 Cal. 4th 273, 277-78 (1992); *Nicholson v. Barab*, 233 Cal. App. 3d 1671, 1683 (1991); *Victoria v. Super. Ct*., 40 Cal. 3d 734, 753, n.8 (1985). Here, the parties are in agreement as to the appropriate amount of compensation for Class Counsel's efforts in obtaining the injunctive relief.

Where, as here, the parties have negotiated an arms' length settlement, "[a] court should refrain from substituting its own value for a properly bargained-for agreement." *In re Apple Computer, Inc. Derivative Litig.*, 2008 U.S. Dist. LEXIS 108195, at *12 (N.D. Cal. Nov. 5, 2008). In addition, if a fee award is not made in the amount contemplated by the Settlement, these funds will remain with

5

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
Mem. of points and authorities in support of motion for attorney's fees, costs and incentive award

Defendant, since the unopposed amount is wholly independent from the direct class relief.  For example, in *Brazil*, 2012 U.S. Dist. LEXIS 47986, at *2-3, the court awarded a fee agreed upon between the parties, which was "approximately equal to their combined lodestar in th[e] case with no multiplier," because, like here, "[t]he benefits achieved by Class Counsel are not in the form of a 'common fund,' but rather come in the form of structural changes to Dell's advertising practices . . . [and] the fee awarded to Class Counsel will be paid directly by Dell."  Where there is no evidence of collusion and no detriment to the parties, courts "should give substantial weight to a negotiated fee amount, assuming that it represents the parties' best efforts to understandingly, sympathetically, and professionally arrive at a settlement as to attorney's fees."  *Ingram v. Coca-Cola Co.*, 200 F.R.D. 685, 695 (N.D. Ga. 2001) (citation omitted).

Here, this case was negotiated with the assistance of a third party neutral mediator – the Hon. Ronald M. Sabraw (Ret.).  Class Counsel negotiated with Defendant for a fee amount that, at the time, Class Counsel estimated would approximate their lodestar plus a small multiplier.  This estimate now appears reasonable as it did coincide with Class Counsel's lodestar without any multiplier.  Indeed, it appears Class Counsel will be accepting less than their lodestar when costs and additional work up to final approval is added.

Importantly, the fee was negotiated separately, only after the parties had reached agreement on injunctive relief.  *See In re Apple Computer, Inc.*, 2008 U.S. Dist. LEXIS 108195, at *12.  Moreover, Class Members have indicated their approval by the absence of any objections as of the time of this application, after a fair and effective notice that included the amount of fee award that would be sought via this Motion.  Thus, one can fairly say that "all parties" are truly in agreement on the contractual Fee Award.  For the reasons discussed further below, the Court should confirm the agreed-upon amount.

## IV.   THE COURT SHOULD APPLY THE LODESTAR METHOD TO DETERMINE CLASS COUNSEL'S REASONABLE FEES

Under California law, "a court assessing attorney fees begins with a touchstone or lodestar figure, based on the careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case."  *Ketchum v. Moses*, 24 Cal. 4th 1122, 1131-32 (2001) (quoting *Priest*, 20 Cal. 3d at 48); *see also Hensley*, 461 U.S. at 433 ("The most useful starting

6

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD

1  point for determining the amount of a reasonable fee is the number of hours reasonably expended on the

2  litigation multiplied by a reasonable hourly rate."); *Perdue v. Kenny A.*, 130 S. Ct. 1662, 1673 (2010)

3  (lodestar method is usually preferable).

4  "[T]he 'lodestar method' is appropriate in class actions brought under fee-shifting statutes . . .

5  where the legislature has authorized the award of fees to ensure compensation for counsel undertaking

6  socially beneficial litigation."   *In re Bluetooth*, 654 F.3d at 941; see also Manual for Complex Litig.

7  (Fourth) § 21.7 at p. 334-35 (2004) ("Statutory awards are generally calculated using the lodestar

8  method.").   As discussed above, the requested fee is based on statute, and thus the lodestar method

9  applies. *See id.*

10       **V.    CLASS COUNSEL'S RATES AND HOURS EXPENDED ARE FAIR AND**

11                              **REASONABLE**

12            The Marron Firm Class Counsel's lodestar of $249,593.50 is summarized in Appendix 1 hereto.

13  This lodestar is based on 428.5 hours of work (409.5 attorney hours, 18.9 legal assistant/paralegal hours

14  and .1 law clerk hours) plus 100 hours of post-application work (such as briefing this motion, briefing

15  the final approval motion, ensuring the Notice Administrator complies with the Prelim. Approval Order

16  and the final judgment, responding to objectors, if any, and appeals, if any), and is supported by fair and

17  reasonable rates and hours.

18  **A.    Class Counsel's Rates are Reasonable**

19            Class Counsel's rates are reasonable because they are in line with hourly rates charged by

20  attorneys of comparable experience, reputation, and ability for similar litigation.  *See Ketchum*, 24 Cal.

21  4th at 1133; *see also Blum v. Stenson*, 465 U.S. 886, 895 (1984).  Courts look to prevailing market rates

22  in the community in which the court sits.  *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906

23  (9th Cir. 1995); *see also Camancho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008); Manual

24  for Complex Litig. (Fourth) § 14.122 ("The rate should reflect what the attorney would normally

25  command in the relevant marketplace.").

26            Class Counsel's requested rates are as follows:

27

28

| Attorney | Position | Hourly Rate |
|---|---|---|
| Ronald A. Marron | Partner | $745 |
| Skye Resendes | Senior Associate | $475 |
| Alexis Wood | Senior Associate | $475 |
| Kas Gallucci | Senior Associate | $450 |
| William Richards | Associate | $440 |
| Marshall Lurtz | Associate | $440 |
| Beth Goodman | Associate | $440 |
| Erin Minelli | Associate | $440 |
| Danielle Eisner | Post Bar Law Clerk | $290 |
| Paralegals and Legal Assistants | | $215 |

To assist the court in calculating the lodestar, a plaintiff must submit "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation." *Blum*, 465 U.S. at 896 n.11.  The Ninth Circuit has advised that courts are allowed to rely on their own familiarity with the legal market and subject matter of the lawsuit when awarding attorneys' fees." *Collado v. Toyota Motor Sales, U.S.A., Inc.*, 2011 U.S. Dist. LEXIS 133572, at *14 (C.D. Cal. Oct. 17, 2011) (citing *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011)).

Here, Class Counsel attaches as **Exhibit 1** to the Declaration of Ronald A. Marron filed concurrently herewith ("Marron Decl.") the firm's updated resume; and attaches as **Exhibit 2** to the Marron Declaration portions from the published National Law Journal (NLJ) 2011 Law Firm Billing Survey; a rate analysis for partners and associates in the Southern California area, compiled by summarizing the NLJ 2011 Survey only as to Southern California firms; and a Summary reflecting the market rate increase in Southern California from 2010 to 2011 for partners and associates created by analyzing the 2010 NLJ Survey to the 2011 NLJ Survey.  As this evidence shows, Counsel's requested rates for 2013-2014 fall within the average prevailing market rates within the community. *See id*.

8

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD

1   Class Counsel also attaches as **Exhibit 3** to the Marron Declaration the 2014 Report on the State

2   of the Legal Market put out by The Center for the Study of the Legal Profession at the Georgetown

3   University Law Center and Thomson Reuters Peer Monitor (Peer Monitor Report).  This report shows

4   that "from the third quarter of 2010 through November 2013 . . . firms increased their standard rates by

5   11 percent[,] from an average of $429 per hour to $476 per hour."  This average rate, *see id.*, supports

6   Class Counsel's hourly rates and their blended rate, discussed *infra*.

7   Class Counsel also seeks compensation for its support staff, such as paralegals and law clerks,

8   which is permitted in this legal community.  "The key . . . is the billing custom in the relevant market.

9   Thus, fees for work performed by non-attorneys such as paralegals may be billed separately, at market

10  rates, if this is the prevailing practice in a given community . . . .  Indeed, even purely clerical or

11  secretarial work is compensable if it is customary to bill such work separately . . ." *Trs. of Const. Indus.*

12  *& Laborers Health & Welfare Trust v. Redland Ins. Co.*, 460 F.3d 1253, 1257 (9th Cir. 2006).   In

13  California, it is customary and reasonable to bill for all non-attorney support staff, even word

14  processors.  *Priest*, 20 Cal. 3d at 35; *Ketchum*, 24 Cal. 4th at 1122; *PLCM Group Inc. v. Drexler*, 22

15  Cal. 4th 1084 (2000).  In *Salton Bay Marina Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914

16  (1985), the Court of Appeals stated that "necessary support services for attorneys, e.g., secretarial and

17  paralegal services, are includable within an award of attorney fees."  Indeed, even unpaid law clerk

18  interns can be billed.  *Sundance v. Mun. Ct.*, 192 Cal. App. 3d 268 (1987) ("[I]t is now clear that the fact

19  that services were volunteered is not a ground for diminishing an award of attorneys' fees . . . . [T]he

20  amount of the award is to be made on the basis of the reasonable market value of the services rendered,

21  and not on the salary paid.") (citing *Serrano v. Unruh*, 32 Cal. 3d 621 (1982)).  Thus, Class Counsel's

22  staff hours are also compensable.  *See id.*

23  **Rates Other Courts Have Awarded.**  Class Counsel's declaration regarding prevailing fees in

24  the community and "rate determinations in other cases, particularly those settling a rate for the

25  plaintiffs' attorney, are satisfactory evidence of the prevailing market rate."  *United Steelworkers of Am.*

26  *v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990); *see also* Marron Decl. ¶¶ 20-24 & Exs. 1-3.

27  Most recently, in two cases providing identical relief to this case (injunctive relief-only

28  settlements for diet Senna Leaf tea products), Class Counsel's same hourly rates were approved by state

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

and federal court judges.  The first case was *Perry v. Truong Giang Corp.*, Los Angeles Superior Court Case No. BC58568, in which the Hon. Kenneth Freeman noted on August 5, 2015 that the hourly rates requested here were "reasonable," and that Class Counsel used skill in achieving the result achieved. *See* Marron Decl. ¶ 11 & Ex. 4 (noting, *inter alia*, "this case involved difficult legal issues because federal and state laws governing dietary supplements are a gray area, and because proving the difference between the price paid (around $2 per box of tea) and the actual value received would have been difficult since arguably some value was received (the tea itself). Additionally, the motion argues that the attorneys displayed skill in researching and settling this case, which provides a benefit not only to Class Members but to the public at large, and that in so doing, the attorneys undertook significant risk by spending time on this litigation on a contingency basis.").

Similarly, on August 7, 2015, in *In re Leaf123* (adversary proceeding of *Augustine v. Natrol*), Case No. 14-114466, the Hon. Brendan L. Shannon, U.S. Bankruptcy Judge for the District of Delaware, approved an injunctive relief-only settlement involving diet Senna Lea tea products.  *See id.*, ¶ 12 & Ex. 5 (final order approving settlement and fees).  The court found the settlement in that case "fair, reasonable and adequate," which settlement included an award of $799,000 in fees and a $1,000 incentive award for the named plaintiff.  Judge Shannon approved the same hourly rates requested here.

On July 29, 2014, the Honorable Richard Seeborg of the Northern District of California approved the following hourly rates for Class Counsel: Ronald Marron at $715, Skye Resendes at $440, Kas Gallucci at $400, and law clerks at $290 in the case of *In re Quaker Oats Litig.*, No. 5:10-cv-00502-RS (N.D. Cal.), Dkt. No. 221.  *See also id.* ¶ 13.

On March 13, 2014, the Honorable Gonzalo P. Curiel of the Southern District of California approved Mr. Marron's hourly rate of $715 per hour; Ms. Resendes' rate of $440 per hour; Ms. Wood's rate of $425 per hour; Ms. Minelli and Ms. Gallucci's rates of $400 per hour; Ms. Danielle Eisner's post-Bar law clerk rate of $290 per hour; and $215 per hour for legal assistants in *Mason v. Heel, Inc.*, No. 3:12-cv-3056-GPC-KSC, 2014 WL 1664271 (S.D. Cal. Mar. 13, 2014).  Marron Decl. ¶ 14.

On October 31, 2013, the Honorable Michael M. Anello of the Southern District of California awarded Mr. Marron fees of $680 per hour, Ms. Resendes fees of $400 per hour, Ms. Wood fees of $385 per hour, Ms. Minelli fees of $385 per hour, and Ms. Gallucci fees of $385 per hour in a

10

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD

1   homeopathic drug consumer class action case; and also approved $280 per hour for patent agent/post-

2   Bar law clerk Danielle Eisner; $245 per hour for regular law clerks; and $215 hourly rates for support

3   staff such as paralegals.  *Nigh v. Humphreys Pharmacal Incorporated*, 3:12-cv-02714-MMA-DHB,

4   2013 WL 5995382 (S.D. Cal. Oct. 23, 2013).  *See also* Marron Decl. ¶ 15.

5        On March 13, 2013, the Honorable David O. Carter of the Central District of California awarded

6   Mr. Marron fees of $680 per hour, Ms. Resendes fees of $400 per hour, and former associate, Maggie

7   Realin, fees of $375 per hour in a dietary supplement consumer fraud class action case; and also

8   approved $245 per hour for law clerks and $215 hourly rates for support staff such as paralegals.  *Bruno*

9   *v. Quten Research Inst., LLC*, No. 8:11-cv-00173-DOC-E, 2013 WL 990495, at *4-5 (C.D. Cal. Mar.

10  13, 2013) ("Class Counsel, . . . the Law Offices of Ronald A. Marron displayed competence and

11  diligence in the prosecution of this action, and their requested rates are approved as fair and

12  reasonable."); *see also id.* at *4 ("The Court notes that, in addition to the monetary relief obtained by

13  Class Counsel for class plaintiffs, there is a high value to the injunctive relief obtained in this case.  New

14  labeling practices affecting hundreds of thousands of bottles per year, over ten years, bring a benefit to

15  class consumers, the marketplace, and competitors who do not mislabel their products.").  *See also*

16  Marron Decl. ¶ 16.

17       On October 31, 2012, the Honorable John A. Houston of the Southern District of California

18  awarded Mr. Marron fees of $650 per hour and Ms. Resendes fees of $385 per hour in a homeopathic

19  drug consumer fraud class action case.  *Gallucci*, 2012 WL 5359485, at *9 (S.D. Cal. Oct. 31, 2012)

20  ("The Court finds the [foregoing] hourly billing rates reasonable in light of the complexity of this

21  litigation, the work performed, Class Counsels' reputation, experience, competence, and the prevailing

22  billing rates for comparably complex work by comparably-qualified counsel in the relevant market.").

23  *See also* Marron Decl. ¶ 17.

24       On August 21, 2012, the Honorable Thomas J. Whelan awarded Mr. Marron fees of $650 per

25  hour, Ms. Resendes at $385 per hour and former associate, Ms. Realin, at $375 per hour, in the

26  consumer dietary supplement class action of *Burton v. Ganeden*, No. 11-cv-1471 W (NLS), Dkt. Nos.

27  52, 48, 45.  Marron Decl. ¶ 18.

28

11

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

On July 9, 2012, the Honorable Marilyn L. Huff awarded Mr. Marron fees of $650 per hour, and approved the rates of his associate attorneys, Ms. Resendes at $385 per hour, and former associate, Maggie Realin, at $375 per hour in the consumer food class action of *In re Fererro*, Case No. 3:11-cv-00205 H (KSC) (S.D. Cal.), Dkt. No. 127.  Judge Huff noted that the fees requested were "appropriate given the contingent nature of the case and the excellent results obtained for the Class, and because no enhancement or multiplier was sought above the actual amount of Class Counsel's lodestar.  The Court concludes the billing rates used by Class Counsel to be justified by prior awards in similar litigation and the evidence presented with their motion showing these rates are in line with prevailing rates in this District."  Marron Decl. at ¶ 19.

In March 2011, the Honorable Janis L. Sammartino awarded Mr. Marron fees based on a discounted hourly rate of $595.  *Iorio v. Allianz Life Ins. Co. of N. Am., Inc.*, 2011 U.S. Dist. LEXIS 21824, at *31 (S.D. Cal. Mar. 3, 2011).  Despite being of similar seniority and experience, Mr. Marron, at the request of and in deference to his co-counsel, reduced his request to $595.  Marron Decl. ¶ 20.

**Survey Data.**  "Courts also frequently use survey data in evaluating the reasonableness of attorneys' fees."  *B-K Lighting, Inc. v. Vision3 Lighting*, 2009 U.S. Dist. LEXIS 111968, at *18 (C.D. Cal. Nov. 16, 2009) (citing *Mathis v. Spears*, 857 F.2d 749, 755-56 (9th Cir. 1988)).  National Law Journal surveys confirm that Class Counsel's rates are reasonable and consistent with the rates charged by both plaintiff and defense firms, based on survey data from law firms in Southern California and around the country.  *See* Marron Decl., Ex. 2.  The Peer Monitor Report also supports Class Counsel's requested rates.  *See id.*, Ex. 3.

**Blended Rate.**  The reasonableness of Class Counsel's rates is further supported by its blended lodestar, calculated by taking the total lodestar and dividing it by the total hours of all attorney and staff timekeepers.  The blended rate in this case for the Marron Firm is $479.80 ($205,593.00 divided by 428.5 total attorney and staff hours).  This compares favorably to the average rate listed in the Peer Monitor Report.  *See id.* ¶ 20, Ex. 3 at p. 22 ("from the third quarter of 2010 through November 2013 ... firms increased their standard rates by 11 percent[,] from an average of $429 per hour to $476 per hour").

12

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD

**B.     Class Counsel's Hours Expended are Reasonable**

Class Counsel is entitled to be compensated for reasonable time spent at all points in the litigation.  Courts should avoid engaging in an "*ex post facto* determination of whether attorney hours were necessary to the relief obtained." *Grant v. Martinez*, 973 F.2d 96, 99 (2d Cir. 1992).  The issue "is not whether hindsight vindicates an attorney's time expenditures, but whether at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures."  *Id.*

Here, Class Counsel expended a total of 409.5 attorney hours, .1 law clerk hours, and 18.9 paralegal/legal assistant hours to date, excluding two days of preparing this Motion, the to-be-drafted Motion for Final Approval, its supporting declarations, and other post-application work, all conservatively estimated at 100 "post-application" hours at a blended rate.  *See* Marron Decl. ¶¶ 4-5, 24-25; Mot., App. 1.[1]

In addition, Mr. Marron's time, as senior counsel with the most experience and the highest billing rate, was kept to a minimum (49 hours), with the majority of the fees requested being based on associate work performed at lesser rates.  *See* App. 1.

Counsel should be compensated for all hours claimed, which are documented and based on contemporaneous time records.  *See* Marron Decl. ¶ 24; *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) (prevailing plaintiff's counsel "should recover a fully compensatory fee.  Normally this will encompass all hours reasonably expended on the litigation" and "should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit."); *Ketchum*, 24 Cal. 4th at 1133 (fees "should

---

[1] Class Counsel's actual billing records are voluminous and subject to privilege and work product protection.  Class Counsel's declaration is sufficient to assess the reasonableness of the request, but if the Court desires, the raw timesheets of every timekeeper's individual entries can be provided for *in camera* review.  *See Margolin v. Regional Planning Comm.*, 134 Cal. App. 3d 999, 1006-07 (1982) (attorney declaration as to number of hours worked by firm members was sufficient); *Trs. of Cent. States Se. & Sw. Areas Pension Fund v. Golden Nugget, Inc.*, 697 F. Supp. 1538, 1558-59 (C.D. Cal. 1988).  The lodestar analysis requires "neither mathematical precision nor bean-counting," and allows the Court to "rely on summaries submitted by the attorneys and . . . not review actual billing records." *In re Rite Aid Corp. Sec. Litig.*, 396 F.3d 294, 306-07 (3d Cir. 2005).  California authorities likewise "permit[] fee awards in the absence of detailed time sheets," since "[a]n experienced trial judge in a position to assess the value of the professional services rendered in his or her court." *Wershba v. Apple Computer, Inc.*, 91 Cal. App. 4th 224, 255 (2001) (citing *Sommers v. Erb*, 2 Cal. App. 4th 1644, 1651 (1992); *Dunk v. Ford Motor Co.*, 48 Cal. App. 4th 1794, 1810 (1996); *Nightingale v. Hyundai Motor Am.*, 31 Cal. App. 4th 99, 103 (1994)).

be fully compensatory" and, absent "circumstances rendering the award unjust, . . . include compensation for all the hours reasonably spent").

## VI.     CLASS COUNSEL'S REQUESTED FEE IS REASONABLE

Fee awards in class actions encourage and support compliance with federal and state law. "The guiding principles in determining awards of attorneys' fees should be to provide compensation sufficient to stimulate the motive for representation of classes . . ." *In re Equity Funding Corp. Sec. Litig.*, 438 F. Supp. 1303, 1325 (C.D. Cal. 1977). When determining a reasonable fee in a class action, the lodestar figure is "presumptively reasonable." *In re Bluetooth*, 654 F.3d at 941 (quoting *Cunningham v. County of Los Angeles*, 879 F. 2d 481, 488 (9th Cir. 1988)); *see also Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994) (the lodestar "presumptively provides an accurate measure of reasonable fees"). Here, the negotiated fee was based on an estimate of a "presumptively . . . reasonable" lodestar, and in the end was very close to the actual lodestar. *See id.*

### A.     The Results Achieved for the Class

The Settlement represents a positive result for the Class and the general public. First, Class Counsel negotiated for Defendant to pay <u>all</u> of the cost of mediation and notice, a beneficial result for the Class. *See* App. 2 (cost summary). Thus, the settlement terms, including the fee, were achieved through the efforts of an independent, neutral, third party-mediator.

Second, the Settlement requires twelve levels of injunctive relief:

- The FDA Disclaimer will remain on each Products' packaging in a legible font size and will be conspicuously displayed on the package in a readable font color, in comparison to any background coloring on the package.

- Defendant removed whorled mallow, an ingredient at issue in the Complaint that could have been dangerous, from each of the Products.

- The statement: "Recently, here in the West, people have discovered the value of this ancient system which focuses on aiding the body's own healing mechanisms through restoring harmony and balance[]" has been, or will be, removed from each of the Products' labels and packaging.

- The statement: "The Chinese System of herbology has been recorded in ancient texts which are studied and employed even today[]" has been, or will be, removed from each of the Products'

14

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

labels and packaging.

•     The statement: "This time tested knowledge has been passed on from generation to generation over the centuries[]" has been, or will be, removed from each of the Products' labels and packaging.

•     The statement: "Remember when dieting to follow a balanced weight loss diet . . ." has been, or will be, removed from each of the Products' labels and packaging.

•     The warning: "This tea is not intended to be used for chronic constipation or as an aid to lose weight" has been, or will be, added to each of the Products' labels and packaging.

•     The warning: "Frequent or prolonged use of laxatives may result in dependence on laxatives" has been, or will be, added to each of the Products' labels and packaging.

•     The warning: "Senna may result in abdominal pain, cramping, and loose or watery stools" has been, or will be, added to each of the Products' labels and packaging.

•     Defendant has, or will, change the names of two of the three Products.  Dieter's Green will be changed to Diet Green and Super Slimming will be changed to Super Slim.

•     Tor Dieter's Green, the statement: "Research indicates that green tea's antioxidants help promote health metabolism[]" has been, or will be, removed from the Product's labels and packaging.

•     Defendant will modify its website to comport with the modifications to the Products' packaging and labeling, as set forth above.

As is evident, Plaintiff achieved all, and more, of the injunctive relief sought by her Complaint (i.e., Plaintiff did not seek to have whorled mallow removed, but was pleased with Defendant's offer to do so).  In light of the potential harm this type of allegedly false or deceptive advertising could cause to a consumer, removal of the representations and the addition of several clear warnings benefits the Class and the public.  In contrast, the case posed difficulties because weight loss can vary amongst class members, which posed a risk to winning at trial.  And, Class members did obtain a tea and it would have been difficult to prove the amount of premium solely attributable to the diet labeling.  As such, the benefit of the injunctive relief is substantial, by securing all and more that Plaintiff could have obtained at trial, without the attendant risks.  There are also direct monetary savings from providing consumers

with truthful information that will guide future purchases.  Given Defendant's financial condition and net worth, Dkt. No. 52 at ¶ 6, pursuing this Defendant to trial would likely have meant no monetary relief for the class, as the company would have gone out of business, and the cost to administer and mail premium price refunds of 20-40 cents would have swallowed up any judgment.

While the value of any injunctive relief may be difficult to monetize, the implementation of these advertising changes, as contemplated by the Settlement, cannot be overlooked.  *See Brazil*, 2012 U.S. Dist. LEXIS 47986, at *4 ("The structural changes to Dell's marketing practices resulting from this litigation, particularly Dell's elimination of allegedly false representations . . . conferred a benefit on both the class members and the public at large.") (citing *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1049 (9th Cir. 2002) ("[i]ncidental or nonmonetary benefits conferred by the litigation" are factors in a fee application)).  Indeed, there is intrinsic value in eliminating deceptive advertising. *Vizcaino*, 290 F.3d at 1047.  This is particularly true when viewed in light of recent difficulties in keeping prospective injunctive relief claims alive in federal court, for lack of Article III standing.  *See, e.g., Castagnola v. Hewlett Packard Co.*, No. C 11-05772 JSW, 2012 WL 2159385, at *5 (N.D. Cal. June 13, 2012).  This case was, after all, about false advertising and not personal injury claims.  Therefore, the Settlement achieves the main result sought by Plaintiff's Complaint.

Third, even if monetary relief were available to the Class, which it likely was not, such cash based claims were minimal and fraught with problems.  First, a judgment in the amount of Defendant's sales would have been small and there were risks regarding Defendant's ability to pay.  Dkt. No. 52 at ¶ 6.  Second, profit from sales, which was low anyway, *id.*, may not have been available to the Class or the Plaintiff based on the affirmative defense that Class Members still received a value from their purchase – the tea itself.

Finally, the fee request itself is in line with that achieved in other injunctive-relief only cases.  *See* Marron Decl., Ex. 4 (granting final approval to $250,000 in fees and costs for injunctive relief-only settlement involving sales similar to this case); *id.*, Ex. 5 (granting final approval to $799,000 in fees and costs for injunctive relief-only settlement involving similar facts but much higher sales, where manufacturer had filed for bankruptcy and was purchased by a new manufacturer); *Richardson v. L'Oreal USA, Inc.*, 951 F. Supp. 2d 104, 106-108 (D.D.C. 2013) (granting approval to injunctive relief-

16

only settlement involving labeling claims; and finding that "the proposed maximum award of $950,000, for attorneys' fees, costs, and expenses, while high, is not outside the range of possible approval given the parties' agreement as to the amount.  Nor is approval of the full fee figure a condition of the settlement—pursuant to the agreement's terms, if the Court finds a reduced fee award appropriate, the remainder of the settlement will continue to bind the parties and class members."); *Kim v. Space Pencil, Inc.*, No. 11–03796 LB, 2012 WL 5948951, at *10 (N.D. Cal. Nov. 28, 2012) (approving a $403,025.50 fee request in injunctive relief-only case litigated for less than a year); *Perez v. Asurion Corp.*, No. 06-201734-CIV, 2007 WL 2591180, at *8 (S.D. Fla. Aug. 8, 2007) (approving a $1.6 million fee for case that was litigated for over two years, the settlement resulted in primarily injunctive relief, and the only monetary benefit to class members were coupons); *Grant v. Capital Mgmt. Servs., L.P.*, No. 10–cv–2471–WQH (BGS), 2014 WL 888665, at *4 (S.D. Cal. Mar. 5, 2014) (approving injunctive-relief only settlement with agreement to pay $475,000 in attorney's fees).

**B.      The Effort, Skill, and Experience of Class Counsel**

Class Counsel has extensive experience handling complex consumer class actions. Marron Decl. ¶¶ 6-20, Ex. 1.  Plaintiff respectfully suggests that her counsel's track record in this case, as well as past cases, demonstrates their skill.  *See id*.  Class Counsel has already devoted 428.5 attorney and staff hours, plus costs, to litigating this class action, and is committed to overseeing the Settlement and this litigation through to its successful conclusion.  *See* App. 1.  Plaintiff also engaged in substantial discovery and motion practice, litigating a motion to dismiss in district court (Dkt. Nos. 14, 20, 21), and months of bargaining to get Defendant to formalize its promise to make labeling changes into a binding Settlement Agreement.  *See* Marron Decl. ¶¶ 3-4.

**C.      The Complexity of the Issues**

This was not a simple case.  The federal Food, Drug, and Cosmetic Act is complex, has been frequently amended, and has lengthy and technical implementing regulations promulgated by the FDA, which were at issue in this case.  *See* Dkt. Nos. 14, 20, 21.  In addition, California Sherman Law claims specifically for senna leaf were at issue.  The case was also complex because Class Members arguably did receive a value for their purchases – a tea as a beverage - notwithstanding the diet claims.  Therefore, issues of proving the difference between the price paid and the actual value received would

17

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

1    have been difficult, in particular because the purchase price was low, around $2 per box, and the amount

2    at stake small.  Had the case been litigated, complex food chemistry issues raised by Plaintiff's claims

3    would have been at issue.  See Compl. (Dkt. #1).

4          Only after Plaintiff won a difficult and contentious motion to dismiss in the district court, did

5    Defendant express its willingness to negotiate.  *See* Dkt. No. 33.  Thereafter, the case was not easy to

6    manage until the signed Settlement Agreement was achieved; rather, months were spent analyzing and

7    challenging every aspect of the labeling, crafting all details of the Settlement Agreement, reviewing

8    proposed labeling changes, suggesting and obtaining additional labeling changes, and receiving and

9    reviewing discovery necessary to satisfy Class Counsel that the relief obtained was in the best interest of

10   the class.  See Marron Decl. ¶¶ 3-5.

11   **D.    Risk of Non-Payment, Preclusion of Other Employment, and Ongoing Work**

12         This case posed significant risk for failure to prevail on any of the claims at trial.  The Gut

13   Check campaign, while highlighting the benefits of the Settlement, also highlights some of the problems

14   of proof this case would have faced on the merits.  For example, unlawful diet advertising "appl[ies] to

15   dietary supplements," but "[does not] apply to . . . low-calorie foods."  Dkt. No. 48-1 at ECF p. 95.  The

16   teas at issue in this lawsuit are dietary supplements, but also low-calorie foods.  Further, while the teas

17   appear to fall within "Gut Check Claim #4," as products that purportedly "[b]lock[] the absorption of fat

18   or calories to enable consumers to lose substantial weight," the FTC recognizes that "lifestyle changes"

19   and a "reduced-calorie diet" also contribute to weight loss.  *Id.* at p. 97-98.  Thus, individualized

20   defenses could have jeopardized the case.  *See id.*  Further, there was the risk that prospective injunctive

21   relief would have been denied to Plaintiff at trial, for lack of Article III standing.  *See Castagnola*, 2012

22   WL 2159385, at *5.

23         Devoting more than 428.5 attorney and staff hours and costs to this action necessarily precluded

24   Class Counsel from taking on other employment.  *See* Marron Decl. ¶¶ 24-25; App. 1.  And, there was

25   significant risk that Class Counsel, despite committing these resources, would not have received any

26   compensation for its services.  Class Counsel's ability to collect compensation was entirely contingent

27   upon it prevailing.  The substantial risk of non-recovery inherent in class action litigation is well-

28   documented.  *See* Marron Decl. ¶ 26.

18

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

When attorneys undertake litigation on a contingent basis, a fee that is limited to the hourly fee that would have been paid by a fee-paying client, win or lose, is not a reasonable fee by market standards. *Greene v. Dillingham Constr. NA., Inc*., 101 Cal. App. 4th 418, 428-29 (2002). A contingent fee must be higher than a fee for the same legal services paid as they are performed. The contingent fee compensates the lawyer not only for the legal services he renders but for the loan of those services. The implicit interest rate on such a loan is higher because the risk of default (the loss of the case, which cancels the debt of the client to the lawyer) is much higher than that of conventional loans. *Ketchum*, 24 Cal. 4th at 1132-1133 (quoting the Hon. Richard Posner's *Economic Analysis of Law* (4th ed. 1992)); *see also Rader v. Thrasher*, 57 Cal. 2d 244, 253 (1962). From the outset of litigation to the present, Class Counsel litigated this matter on a contingent basis and placed their own resources at risk to do so. The contingent nature of this case supports the lodestar requested, plus multiplier. *See id*.

**E.      Reaction of the Class**

To date, no member of the Class has objected to the Settlement or requested exclusion. While the cutoff date is not until October 16, 2015, "[t]he absence of any objector" thus far "strongly supports the fairness, reasonableness, and adequacy of the settlement." *Martin v. AmeriPride Servs*., 2011 U.S. Dist. LEXIS 61796, at *21 (S.D. Cal. June 9, 2011); *see also In re Omnivision Techs., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) ("By any standard, the lack of objection of the Class Members favors approval of the Settlement."). In sum, the reaction of the Class to the Settlement, including its fee provision, supports a finding that the requested fees are fair, reasonable, and adequate.

**F.      A Multiplier Would Be Reasonable**

Class Counsel does not ask for a multiplier because the agreed-upon fee will meet the lodestar expended, if not fall short of it. If the Court does trim any rates or time expended, however, it should then apply a multiplier based on the quality of the legal work done, the risk of non-payment, the preclusion of other fee-paying work, and the complexity of issues presented.

In determining an appropriate multiplier, courts consider "a host of 'reasonableness' factors, 'including quality of representation, the benefit obtained for the class, the complexity and novelty of the issues presented, and the risk of nonpayment.'" *In re Bluetooth*, 654 F.3d at 941-42 (quoting *Hanlon*, 150 F.3d at 1029). The purpose of using the lodestar/multiplier method is to mirror the legal

19

marketplace: counsel will not handle cases on straight hourly fees that are payable only if they win, so an enhancement helps determine a fee that is commensurate with what attorneys could expect to be compensated for similar services under these circumstances. *See San Bernardino Valley Audubon Soc'y v. San Bernardino*, 155 Cal. App. 3d 738, 755 (1984) (award must be large enough "to entice competent counsel to undertake difficult public interest cases").

"Multipliers can range from 2 to 4, or even higher." *Wershba*, 91 Cal. App. 4th at 255. *See also Natural Gas Anti-Trust Cases*, I, II, III & IV, Case Nos. 4221, 4224, 4226, 4228, 2006 WL 5377849, at *4 (Cal. Super. Ct. Dec. 11, 2006) ("This Court and numerous cases have applied multipliers of between 4 and 12 to counsel's lodestar in awarding fees."); *SternwestCorp. v. Ash*, 183 Cal. App. 3d 74, 76 (1986) (case remanded with directions "to enhance the lodestar award by such factor (two, three, four or otherwise) that the court, in its discretion shall deem proper"); *Vizcaino*, 290 F.3d at 1051 (multiplier of 3.65); *Steiner v. Am. Broad. Co., Inc.*, Case No. 05-55773, 2007 WL 2460326, at *2 (9th Cir. Aug. 29, 2007) (multiplier of 6.85); *Keith v. Volpe*, 501 F. Supp. 403, 414 (C.D. Cal. 1980) (multiplier of 3.5). In cases where, as here, "a large common fund has been recovered and the hours are relatively small, some courts reach a reasonable fee determination based on large multiples of 5 or 10 times the lodestar." Alba Conte, Attorney Fee Awards (2d ed. 1993), § 2.06 at 39.

Here, Class Counsel requests a total fee award of $250,000, inclusive of costs, which represents the same or, at final approval time, less than the current lodestar. But should the Court exclude any part of the hours or costs requested, it should apply a small lodestar because it would be justified in light of the factors at issue, and is supported by the authority above. *See* App. 1; citations *supra*. The quality of representation is borne out by Class Counsel's experience, in this case and others, and the number of injunctive relief terms achieved. *See* Marron Decl., Exs. 1, 4 & 5. The issues were complex and several aspects of relief subject to rigorous defenses. *See* Compl. (Dkt. No. 1); Def.'s Mot to Dismiss and Strike (Dkt. No. 14, 20, 21). Class Counsel shows skill in rebutting Defendant's Motion to Dismiss, which led to the Settlement Agreement at issue.

The Peer Monitor Report highlights the risk of non-payment, even for hourly fee paying work. For example, billing realization rates, meaning the amount of work actually performed at standard rates and collected from clients, has dropped over the past three years from 89.12 to 86.74 percent. Marron

1   Decl., Ex. 3 at p. 23.  Further, the FJC Report highlights the risk of non-payment, or prevailing on the

2   merits, in class actions generally, with less than one-third success rate.  *See id.* ¶ 26.

3        The Ninth Circuit has recently established additional guidelines for the Court to consider when

4   considering a settled fee in a class action case.  *Allen v. Bedolla*, 787 F.3d 1218, 1223 (9th Cir. 2015)

5   ("[W]e hold district courts to a higher *procedural* standard when making that determination of

6   substantive fairness: . . . .").  Prior to class certification, settlements must be scrutinized carefully "for

7   evidence of collusion or other conflicts of interest than is ordinarily required under Rule 23(e) before

8   securing the court's approval as fair."  *Id.*

9        From a procedural standpoint, *Allen* requires that the fee motion be available to Class members

10  before the objection and opt out deadline.  *Id.* at 1225.  That is met here because this Motion will be

11  filed in early August 2015, the objection deadline is not until October 16, 2015, and this Motion and

12  supporting papers will be posted on the Settlement Website.  PA Order ¶ 9.  Thus, this Fee Motion will

13  be available to Class Members for approximately two months prior to the Objection/Opt Out Deadline.

14  *See id.* at 1225-1226 (disapproving of fee motion filed 70 days after notice was sent whereas objections

15  were due 45 days after notice; and noting with approval *In re Mercury*, in which the fee motion was

16  posted one week in advance of the objection deadline).

17       Further, none of the other indicia of an unfair fee, as was present in *Allen*, are present here.  *See*

18  *id.* at 1224.  Class Counsel are not receiving a "disproportionate distribution of the settlement" because

19  there is no common fund in this case, based on the unique contours of this premium price settlement.

20  There is no "'clear sailing' arrangement" because Defendant agreed to pay a fee certain, based on Class

21  Counsel's expected lodestar.  *Id.*  Finally, there is no "reverter that returns unclaimed fees to the

22  defendant," because no fund was established in light of the premium price at stake (only pennies per box

23  attributable to false advertising) and Defendant's financial health condition.  *Id.*

24       In light of the relabeling results obtained, the efficiency with which the case was litigated, the

25  experience and reputation of counsel, the risks associated with litigating this action, the complexity and

26  novelty of the issues presented, the substantial benefit to the class achieved, and the work still to be

27  performed on the final approval reply papers and hearing, settlement administration and potential

28  appeals, a nominal multiplier, for a total fee of $250,000, inclusive of costs, is fair and reasonable.

21

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND
INCENTIVE AWARD

## VII. THE REQUESTED COSTS ARE FAIR AND REASONABLE

Under California Code of Civil Procedure §§ 1033.5 (a)(1), (3), (4), and (7), the Court must award costs for court fees; deposition costs for transcribing, recording and travel; service of process fees; and witness fees.  In addition, § 1033.5(c) provides discretion to award reimbursement of other costs if they are "reasonably necessary to the conduct of the litigation, rather than merely convenient or beneficial to its preparation." *Parkinson*, 796 F. Supp. 2d at 1176 (quoting *Sci. App. Int'l Corp. v. Super. Ct.*, 39 Cal. App. 4th 1095, 1103 (1995)).

In addition to California law, "[t]he reimbursement of taxable expenses in federal litigation is governed by 28 U.S.C. § 1920 and Fed. R. Civ. P. 54." *In re Media Vision Tech. Sec. Litig.*, 913 F. Supp. 1362, 1365-66 (N.D. Cal. 1996).  Rule 54(d) "entitles prevailing parties to collect taxable costs." *Id.*; *Morris v. Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 624 (S.D.N.Y. 2012) (noting that courts universally accept that "telephone charges, postage, transportation, working meals, photocopies, and electronic research, are reasonable and were incidental and necessary to the representation of the Class"); Fed. R. Civ. P. 54(d) ("Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party.").

Class Counsel has incurred $715.71 in statutorily recoverable costs, and $2,560.51 in costs reasonably necessary to conduct this litigation, which are summarized in Appendix 2 (notably, Class Counsel negotiated for Defendant to pay the entire cost of private mediation and notice, an exceptional result for the Class).  All of Counsel's expenses were reasonable and necessary for the successful prosecution of this case.  Class Counsel also bore a number of its own costs as overhead, and is not charging all of its costs to the Class.  *See* App. 2.  Accordingly, the Court should grant Class Counsel's request for reimbursement of costs, which are included in the $250,000 requested.  *See* Cal. Civ. Proc. Code § 1033.5; Fed. R. Civ. P. 54(d).

## VIII. THE REQUESTED INCENTIVE AWARD IS FAIR AND REASONABLE

Finally, Plaintiff respectfully requests that the Court approve an incentive award for the Class Representative, in the amount of $1,500.  Incentive awards "are fairly typical in class action cases," *Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 958 (9th Cir. 2009), and "serve an important function in promoting class action settlements." *Sheppard v. Consol. Edison Co. of N.Y., Inc.*, No. 94-CV-0403(JG),

2002 WL 2003206, at *5 (E.D. N.Y. Aug. 1, 2002).  Incentive awards for class representatives are routinely provided to encourage individuals to undertake the responsibilities of representing the class and recognize the time and effort spent in the case.  *See In re Lorazepam & Clorazepate Antitrust Litig.*, 205 F.R.D. 369, 369 (D.D.C. Feb. 1, 2002); Theodore Eisenberg & Geoffrey P. Miller, *Incentive Awards to Class Action Plaintiffs: An Empirical Study*, 53 U.C.L.A. Rev. 1303 (2006) (30% of class actions include incentive awards to class representatives).  Such awards "are intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general."  *Rodriguez*, 563 F.3d at 958-959.  Service awards are committed to the sound discretion of the trial court and should be awarded based upon the court's consideration of, *inter alia*, the amount of time and effort spent on the litigation, the duration of the litigation and the degree of personal gain obtained as a result of the litigation.  *See Van Vranken v. Atlantic Richfield Co.*, 901 F. Supp. 294, 299 (N.D. Cal. Aug. 16, 1995).

Here, Plaintiff respectfully requests a modest service award of $1,500 for Ms. Eunice Johnson, in recognition of her contribution toward the successful prosecution of this case.  Ms. Johnson has been actively involved in this litigation and pre-litigation investigation since January 2014, which will be close to two years of participation by the time of the final approval hearing.  Ms. Johnson has been a significant participant in this action from its inception to settlement, including reviewing court filings; continuous communications with Class Counsel throughout the litigation, including being on stand-by during mediation of the action; reviewing and approving the Settlement; and being committed to secure substantive relief on behalf of the Class.

The proposed award is also in line with those approved in other injunctive-relief only cases.  *See* Marron Decl., Ex. 4 (approving $1,500 per named plaintiff in diet tea injunctive relief-only case); *id.*, Ex. 5 (approving $1,000 for named plaintiff); *Perez*, 2007 WL 2591180, at *8 (approving $1,500 incentive award in settlement for primarily injunctive relief where the only monetary benefit to class members were coupons); *Richardson*, 951 F. Supp. 2d at 106-108 (approving $1,000 incentive award to each lead plaintiff in an injunctive relief-only, labeling case); *Kim*, 2012 WL 5948951, at *10 (approving a $2,500 incentive award to each named Plaintiff in an injunctive relief only case).

The proposed award is also nominal compared to those approved by other Courts in this Circuit. *See, e.g., Villegas v. J.P. Morgan Chase & Co.*, 2012 U.S. Dist. LEXIS 114597, at *18 (N.D. Cal. Aug. 8, 2012) ("In this District, a $5,000 incentive award is presumptively reasonable."); *Singer v. Becton Dickinson & Co.*, No. 08-CV-821-IEG(BLM), 2010 WL 2196104 (S.D. Cal. June 1, 2010) ($25,000 award); *Van Vranken*, 901 F. Supp. at 300 ($50,000 award); *Louie v. Kaiser Found. Health Plan, Inc.*, No. 08cv0795 IEG RBB, 2008 WL 4473183, at *7 (S.D. Cal. Oct. 6, 2008) ($25,000 award); *Barcia v. Contain-A-Way, Inc.*, No. 07cv938-IEG-JMA, 2009 WL 587844 (S.D. Cal. Mar. 6, 2009) ($12,000 award); *Razilov v. Nationwide Mut. Ins. Co.*, No. 01-CV-1466-BR, 2006 WL 3312024, at *8 (D. Or. Nov. 13, 2006) (approving $10,000 incentive award for representative whose "only personal benefit . . . from a successful result in this litigation is the . . . entitlement of any class member . . . together with the likelihood that any further [statutory] violations . . . would cease"). Thus, the proposed service award of $1,000 is justified in this case.

## IX.    CONCLUSION

For all of the foregoing reasons, Plaintiff respectfully requests the Court grant the relief requested.

Dated:  August 15, 2015                              Respectfully submitted,

*/s/ Ronald A. Marron*
RONALD A. MARRON
*ron@consumersadvocates.com*
SKYE RESENDES
*skye@consumersadvocates.com*
**LAW OFFICES OF RONALD A. MARRON**
651 Arroyo Drive
San Diego, California 92101
Telephone:  (619) 696-9006
Facsimile:  (619) 564-6665

## I.    APPENDIX 1: CLASS COUNSEL'S LODESTAR

**FEE LODESTAR (through August 12, 2015 only):**

| Attorney | Hours | Hourly Rate | Lodestar |
|---|---|---|---|
| Ron Marron | 49 | $745 | $ 36,505.00 |
| Skye Resendes | 162.6 | $475 | $ 77,235.00 |
| Alexis Wood | 7 | $475 | $  3,325.00 |
| Kas Gallucci | 7 | $450 | $  3,080.00 |
| William Richards | 43.4 | $440 | $ 19,096.00 |
| Marshall Lurtz | 120.7 | $440 | $ 53,108.00 |
| Beth Goodman | .9 | $440 | $    396.00 |
| Erin Minelli | 18.9 | $440 | $  8,756.00 |
| Post Bar Law Clerk/Patent Agent with Clinical Science Background (D. Eisner) | .1 | $290 | $     29.00 |
| Paralegals/Legal Assistants (4) | 18.9 | $215 | $  4,063.50 |
| | | **Subtotal:** | **$205,593.50** |
| **Post-Application Hours (Est.)[2]** | 100 | $440.00 | $ 44,000.00 |
| | | **TOTAL:** | **$249,593.50** |

---

[2] Class Counsel will perform additional work and incur additional costs not included in the above lodestar. For example, due to the need to tabulate fees and costs in advance of drafting, editing and briefing this Motion; drafting and editing the Motion for Final Approval and supporting declarations; and ensuring the Notice Administrator complies with all portions of the Preliminary Approval Order are not included in the actual hours spent. Moreover, after this application is filed, Counsel will have other duties, minimally including attending the Final Approval Hearing, which will involve additional travel costs and attorney time, and responding to objections, which will substantially increase the time spent. To account for the known additional work and the possibility of more if there are objections or an appeal, Class Counsel estimated 100 "post-application hours," based on their experience of how long it takes to draft final approval papers, respond to objections, if any, and known travel costs and time to attend the final approval hearing. Class Counsel valued these additional hours at the reduced blended rate of $440 per hour, representing the approximate average billing rate of all attorney timekeepers plus one non-attorney staff member, which is also equivalent to the lowest attorney rate at Class Counsel's office.

1

## II.    APPENDIX 2: CLASS COUNSEL'S EXPENSES

**Expenses Recoverable Under Cal. Civ. Proc. Code § 1033.5**

| Description | Amount |
|---|---|
| Court Filings | $400.00 |
| Service of Process Fees | $302.75 |
| Certified mail postage to all Defendant and their agents for statutory notice required by CLRA | $12.96 |
| **Total:** | **$715.71** |

**Additional Expenses Reasonably Necessary to Prosecute Action**

| Description | Amount |
|---|---|
| Mediation | No charge to the Class |
| Postage | Overhead – no charge to the Class |
| Flat rate charge for case deadline calculations (CompuLaw Deadlines on Demand software) | $ 160.00 |
| Flights to out of county hearings | $1,366.20 |
| PACER | Overhead – no charge to the Class |
| Mileage and transportation | $105.70 |
| Lodging for out of county hearings | $570.94 |
| Photocopies | $308.25 |
| Westlaw online research | Overhead – no charge to the Class |
| Meals for out of county travel | $19.42 |
| Parking | $30.00 |
| **Total:** | **$2,560.51** |

**GRAND TOTAL:**  **$3,276.22**

2

*Johnson v. Triple Leaf Tea Inc.*, Case No. 3:14-cv-01570
MEM. OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD