IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUNICE JOHNSON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TRIPLE LEAF TEA INC.,<br><br>　　　　Defendant.<br>_____/ | No. C-14-1570 MMC<br><br>**ORDER AFFORDING PLAINTIFF LEAVE TO SUPPLEMENT MOTION FOR ATTORNEY'S FEES, COSTS AND INCENTIVE AWARD; DIRECTIONS TO PLAINTIFF** |

Before the Court is plaintiff's "Motion for Attorney's Fees, Costs and Incentive Award," filed August 15, 2015.[1] Having read and considered the motion, the Court, as discussed below, finds the motion deficient to the extent it seeks an award of attorney's fees, but will afford plaintiff leave to supplement the motion.

Plaintiff seeks an award of attorney's fees in the amount of $250,000, which amount plaintiff asserts, is appropriate under the lodestar method. As the Ninth Circuit has explained, the "lodestar figure is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation (as supported by adequate documentation) by a reasonable hourly rate for the region and for the experience of the lawyer." See In re Bluetooth Headset Products Litig., 654 F.3d 935, 941 (9th Cir. 2011).

---

[1] By order filed June 26, 2015, the Court set a deadline of August 11, 2015, for the filing of plaintiff's motion for an award of fees. By separate order filed concurrently herewith, the Court has granted plaintiff's motion to amend said order by extending the deadline to August 15, 2015.

Here, the motion identifies the hourly rates sought and sets forth, in detail, an argument supporting plaintiff's position that such rates are reasonable. With respect to the hours expended, however, the motion, other than setting forth the total number of hours expended, specifically, "409.5 attorney hours, 18.9 legal assistant/paralegal hours and .1 law clerk hours" (see Marron Decl., filed August 15, 2015, ¶ 25), includes no documentation, let alone the requisite "adequate documentation," see In re Bluetooth, 654 F.3d at 941, to enable the Court to determine whether the claimed hours were reasonably expended.

Plaintiff's argument that she is not required to provide evidence, other than a declaration stating the number of hours, is not persuasive. None of the authorities on which plaintiff relies include such a holding, and, to the extent the cited authorities describe the showing made by the moving party, the showing consisted of the movant's having offered evidence that identified the nature of the work performed. See Nightingale v. Hyundai Motor America, 31 Cal. App. 4th 99, 103 (1994) (affirming award of fees, where movant provided court with "time slips" that "[broke] down the time spent on each task performed," as well as "billing statements" describing "the tasks"); Sommers v. Erb, 2 Cal. App. 4th 1644, 1651 (1992) (affirming award of fees, where movant provided court with declaration "outlin[ing] various tasks and procedures [counsel] performed in preparing the case for trial"); Trustees v. Golden Nugget, Inc., 697 F. Supp. 1538, 1556 (C.D. Cal. 1988) (affirming award of fees, where movant provided court with "copies of bill and time records" as well as "summaries of work performed"). In sum, although plaintiff is not required to file "detailed time sheets," see Wershba v. Apple Computer, Inc., 91 Cal. App. 4th 224, 255 (2001), some type of showing setting forth the nature of the work corresponding to the claimed hours is required.[2]

---

[2] Plaintiff's proposal that documentation as to the nature of the work can be provided to the Court in camera is not appropriate, as plaintiff is seeking a settlement on behalf of a certified class. The class must be afforded an opportunity to object to the motion for fees, see Fed. R. Civ. P. 23(h)(2), and such opportunity is not meaningful if the class is not provided with an adequate factual basis for the fee request.

Under the circumstances, the Court will afford plaintiff leave to supplement the motion to cure the deficiency identified above. Specifically, plaintiff is hereby afforded leave to file, no later than September 8, 2015, a supplemental memorandum. Additionally, plaintiff is hereby DIRECTED to post on the website available to class members, no later than September 9, 2015, any such supplemental memorandum.

**IT IS SO ORDERED.**

Dated: August 24, 2015

MAXINE M. CHESNEY
United States District Judge