1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

## NORTHERN DISTRICT OF CALIFORNIA

10

EUNICE JOHNSON, individually, on behalf of
all others similarly situated, and the general
public,

         Plaintiff,

v.

TRIPLE LEAF TEA INC.,

         Defendant.

11
12
13
14
15
16
17
18
19
20
21

CASE NO.  3:14-cv-01570-MMC

_____

**CLASS ACTION**

**FINAL JUDGMENT AND ORDER:
(1) APPROVING CLASS ACTION
SETTLEMENT, (2) AWARDING
CLASS COUNSEL FEES AND
EXPENSES, (3) AWARDING CLASS
REPRESENTATIVE INCENTIVE
AWARD, (4) PERMANENTLY
ENJOINING PARALLEL
PROCEEDINGS, AND (5) DISMISSING
ACTION WITH PREJUDICE**

Judge:  Hon. Maxine M. Chesney
Courtroom:  7 (19th Floor)

Complaint Filed:  April 4, 2014

22
23
24
25
26
27
28

1

## I.     PROCEDURAL HISTORY

2       Plaintiff Eunice Johnson filed a Complaint against Defendant Triple Leaf Tea, Inc. in this

3 action (the "Parties"), as styled above (the "Litigation"), alleging violations of California's

4 Unfair Competition Law (["UCL"] Cal. Bus. & Prof. Code §§ 17200, *et seq*.), False Advertising

5 Law (["FAL"] Cal. Bus. & Prof. Code §§ 17500, *et seq*.), the Consumers Legal Remedies Act

6 (["CLRA"] Cal. Civ. Code §§ 1750, *et seq*.), and breach of express and implied warranties.  Dkt.

7 No. 1.  Defendant manufactures, markets and sells in the United States three teas at issue in this

8 Settlement ("the Products").  Plaintiff alleges that Defendant's labeling and marketing of their

9 Products is false and misleading.

10       After arms-length settlement discussions, the Parties have entered into a Settlement

11 Agreement ("Settlement" or "Agreement") dated May 15, 2015, which, if approved, would

12 resolve this putative class action.  Currently pending before the Court is Plaintiff's Motion for

13 Final Approval of the Settlement Agreement and Plaintiff's Motion for Attorneys' Fees and

14 Incentive Award for the Class Representative.

15       After consideration of the Parties' briefs and the briefs submitted by the objectors to the

16 Settlement, this Court hereby **GRANTS** Final Approval of the Settlement.

17       On June 26, 2015, the Court entered its Order (1) Preliminarily Approving Class Action

18 Settlement, (2) Certifying Class, (3) Appointing Class Representatives and Class Counsel, (4)

19 Approving Notice Plan, and (5) Setting Final Approval Hearing ("Preliminary Approval Order"),

20 in which it preliminarily approved the Settlement Agreement.  The Court also scheduled a

21 hearing to determine whether the Settlement is fair, reasonable, adequate, in the best interests of

22 the Class, and free from collusion, such that the Court should grant Final Approval of the

23 Settlement, and to consider Plaintiff's motion for an award of attorneys' fees, costs and litigation

24 expenses, and incentive for the Class Representative ("Fairness Hearing").

25       The Court has considered:

26   • The points and authorities submitted by Plaintiff in support of the motion for final
27       approval of the Settlement ("Final Approval Motion");

28

- The points and authorities submitted by Plaintiff in support of the motion for an award of attorneys' fees and litigation expenses, and approval of incentive award for the Class Representative ("Fee Motion");

- The declarations and exhibits submitted in support of said motions;

- The Settlement Agreement;

- The entire record in this proceeding, including but not limited to the points and authorities, declarations, and exhibits submitted in support of preliminary approval of the Settlement, filed May 15, 2015;

- The Notice Plan, providing full and fair notice to the Class;

- The existence of only 2 exclusions from and only 2 objections to the Settlement, and the substance of those objections;

- The absence of any objection or response by any official after the provision of all notices required by the Class Action Fairness Act of 2005, 28 U.S.C. §1715;

- The oral presentations of Class Counsel and Counsel for Defendant;

- This Court's experiences and observations while presiding over this matter, and the Court's file herein; and

- The relevant law.

Based upon these considerations and the Court's findings of fact and conclusions of law as set forth in the Preliminary Approval Order and in this Final Judgment and Order (1) Approving Class Action Settlement, (2) Awarding Class Counsel Fees and Expenses, (3) Awarding Class Representative Incentive, (4) Permanently Enjoining Parallel Proceedings, and (5) Dismissing Action with Prejudice ("Final Approval Order"), and good cause appearing, **IT IS HEREBY ORDERED AND DECREED**:

1. **Definitions**. The capitalized terms used in this Final Approval Order shall have the meanings and/or definitions given to them in the Settlement Agreement or, if not defined therein, the meanings and/or definitions given to them in this Final Approval Order.

2. **Incorporation of Documents**. This Final Approval Order incorporates the Settlement Agreement, filed as an Exhibit to the Declaration of Ronald A. Marron in support of

-3-

1 preliminary settlement approval on May 15, 2015, including all exhibits thereto, and the Court's

2 findings and conclusions contained in its Preliminary Approval Order.

3     **3.**     **Jurisdiction**. The Court has personal jurisdiction over the Parties, the Class

4 Members, including objectors, and Defendant. The Court has subject matter jurisdiction over

5 this action, including, without limitation, jurisdiction to approve the Settlement, to settle and

6 release all claims alleged in the action and all claims released by the Settlement, including the

7 Released Claims, to adjudicate any objections submitted to the proposed Settlement, and to

8 dismiss this action with prejudice. All Class Members who did not exclude themselves

9 according to the Court's prior orders and the terms of the Class Notices have consented to the

10 jurisdiction of this Court for purposes of this action and the Settlement of this action.

11     **Findings and Conclusions**

12     **4.**     **Definition of the Class and Class Members**. The Court's Preliminary Approval

13 Order defines the "Class," which is comprised of the "Class Members," as follows:

14
15     All persons who purchased, on or after April 4, 2010, Defendant's Dieter's Green
Herbal Tea, Ultra Slim Herbal Tea, and/or Super Slimming Herbal Tea Products,
in all sizes and package iterations, for personal or household use during the Class
16     Period (April 4, 2010 to October 16, 2015). Excluded from the Class are Triple
Leaf, its employees, parents, subsidiaries, affiliates, officers and directors, and
17     those who purchased the Products for resale.

18     The Court affirms its certification of the Class, as set forth in the Preliminary Approval

19 Order. All Class Members are subject to this Final Approval Order and the Final Judgment to be

20 entered by the Clerk of Court in accordance herewith.

21     The following two individuals submitted timely requests for exclusion, and, accordingly,

22 are not members of the Class: Dominic Edward Walker, Sr., and Arthur Collier-Robinson.

23     **5.**     **Class Certifications (Rule 23)**

24     **A. Numerosity**

25     Defendant's sales in the United States number in the thousands annually. See Decl. of

26 Vincent Lam in Supp. of Final Approval ¶ 6. For the purposes of this Settlement, no party or

27

28

1   objector contests numerosity.  The Court finds that the Class is sufficiently numerous that joinder

2   of all class claims is impracticable.  Fed. R. Civ. P. 23(a)(1).

3               **B.  Commonality**

4           The Court finds that there are questions of law and fact common to the Class, as to

5   whether Defendant made false or deceptive marketing claims about its Products.   All Class

6   Members allege the same injury: loss of money spent purchasing the allegedly deceptive-labeled

7   Products.   All Class Members were exposed to the same or substantially similar contested

8   labeling claims regarding the health benefits of the Products.  Accordingly, the Court affirms its

9   prior ruling under Rule 23(a)(2).

10              **C.  Typicality**

11          The Court finds that Plaintiff's claims are reasonably co-extensive with those of the other

12  Class Members so as to meet Rule 23(a)(3)'s requirements.   Typicality is a "permissive"

13  standard under which "representative claims are 'typical' if they are reasonably co-extensive

14  with those of absent class members; they need not be substantially identical."  *Hanlon v. v.*

15  *Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998).  For the purposes of this Settlement, the

16  Parties and objectors do not contend the Class lacks typicality.  The Court therefore affirms its

17  prior order, finding that the Plaintiff's claims are reasonably coextensive with those of the Class.

18              **D.  Adequacy of Class Representative**

19          Having considered the factors set forth in Rule 23(g)(1), the Court finds that Plaintiff and

20  Class Counsel are adequate class representatives.  For the purposes of this Settlement, the Parties

21  and objectors do not contend the Class lacks adequate representation.  Class Counsel has fully

22  and competently prosecuted all causes of action, claims, theories of liability, and remedies

23  reasonably available to the Class Members.  The Court hereby affirms its appointment of the

24  Law Offices of Ronald A. Marron, APLC as Class Counsel.   The Court also affirms its

25  appointment of Eunice Johnson as Class Representative, finding that she possesses no interests

26  adverse to the Class and is adequate to represent the Class.

27  //

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### E.  Rule 23(b) Has Been Satisfied

For the purposes of this Settlement, the Parties contend that the elements of Rules 23(b)(2) and (b)(3) have been met.  The Court finds that Defendant has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole, Fed. R. Civ. P. 23(b)(2); that questions of law and fact as to whether a reasonable consumer would find the Products' packaging deceptive predominate over individual questions.  Plaintiff alleges a common injury on behalf of the Class, specifically the loss of the purchase price of the Products, and the Products' respective packaging was standard across the United States and consistent throughout the Class Period.  The Court also finds that resolution on a class-wide basis is superior for purposes of judicial efficiency and to provide a forum for absent Class Members, who are unlikely to bring individual suits to recover the sum of approximately $3 per Product.  The Court therefore affirms its prior ruling that the Class satisfies Rule 23(b)(3).  The Court also affirms its prior ruling that the Class satisfies Rule 23(b)(2).  The primary relief sought in this action was injunctive relief in the form of labeling changes to the Products' labels.

**6.     The Settlement**.  The Court finds that the Settlement is fair, reasonable, and adequate to the Class, in light of the complexity, expense, and likely duration of the litigation (including appellate proceedings), and the risks involved in establishing liability, damages, and in maintaining the action as a class action, through trial and appeal.  *See Rodriguez v. West Publ'g Corp.*, 563 F.3d 948, 963 (9th Cir. 2009).  The Settlement is the result of arms-length negotiation and there is no evidence of collusion or other conflicts of interest between Plaintiff, Class Counsel, and the Class.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

**A.**     The Parties reached the proposed Settlement only after proceeding with voluntary investigation and discovery in this action, and following protracted negotiations before a capable and well-respected mediator, the Honorable Ronald M. Sabraw of JAMS Arbitration, Mediation, and ADR Services.  For a period of over several months, the Parties engaged in

1    extensive negotiations, including joint and individual mediation sessions with Judge Sabraw, and

2    the Parties' own follow-up negotiations, in order to reach agreement over the specific terms of

3    the proposed Settlement.

4         Plaintiff and Class Counsel maintain that this action and the claims asserted herein are

5    meritorious and that Plaintiff and the Class would have prevailed at trial.  Notwithstanding,

6    Plaintiff and Class Counsel have agreed to settle the action pursuant to the provisions of the

7    Settlement, after considering, among other things: (i) the substantial benefits to Plaintiff and the

8    Class under the terms of the Settlement; (ii) the uncertainty of being able to prevail at trial; (iii)

9    the uncertainty relating to Defendant's defenses and the expense of additional motion practice in

10   connection therewith; (iv) the issues relating to proving damages on an individual Class Member

11   basis; (v) the attendant risks, difficulties, and delays inherent in litigation, especially in complex

12   actions such as this; and (vi) the desirability of consummating this Settlement promptly in order

13   to provide effective relief to Plaintiff and the Class.  Plaintiff and Class Counsel agree that the

14   Settlement is fair, reasonable, and adequate because it provides substantial benefits to the Class,

15   is in the best interests of the Class, and fairly resolves the claims alleged in this action.

16        Defendant expressly denies any wrongdoing alleged in the pleadings in the action, and

17   does not admit or concede any actual or potential fault, wrongdoing, or liability in connection

18   with any facts or claims which have been or could have been alleged against it in the action.

19   Defendant asserts that it sells, manufactures, and markets the Products in accordance with the

20   Food, Drug, and Cosmetic Act.  Defendant nonetheless considers it desirable for the action to be

21   settled and dismissed because the proposed Settlement will: (i) avoid further expense and

22   disruption of the management and operation of Defendant's businesses due to the pendency and

23   defense of the action; (ii) finally put Plaintiff's and the Class' claims and the underlying matters

24   to rest; and (iii) avoid the substantial expense, burdens, and uncertainties associated with a

25   potential finding of liability and damages on the claims alleged in the Complaint.

26        The Parties engaged in thorough formal and informal discovery, which included, *inter*

27   *alia*, claims and defenses on the issue of the federal Food, Drug, and Cosmetic Act (["FDCA"]

28

21 U.S.C. § 301, *et seq*.), and whether the Products complied with the FDCA, and California-specific rules pertaining to Products containing senna leaf.  Accordingly, the Parties were well-versed in the merits, risks, and likelihood of success, should this action have been litigated through trial.

Based upon the stage of litigation reached concerning relevant legal issues and the Parties' exchange of information through the discovery process, Plaintiff and Defendant were fully informed of the legal bases for the claims and defenses herein, and capable of balancing the risks of continued litigation and the benefits of the Settlement.  Class Counsel and Defendant's counsel are highly experienced civil litigation attorneys with specialized knowledge in food and drug labeling issues, and complex class action litigation generally.   Class Counsel and Defendant's counsel are capable of properly assessing the risks, expenses, and duration of continued litigation.

**B.** 	The Settlement affords meaningful injunctive relief.  Pursuant to the Settlement Agreement, the labeling of the Products shall be substantially revised.  The labeling for Defendant's Dieter's Green will be revised as set forth in Exhibit C to the Settlement ("Exhibit C"); the labeling for Defendant's Ultra Slim will be revised as set forth in Exhibit C; and the labeling for Defendant's Super Slimming will be revised as set forth in Exhibit C.  The key revisions for each tea are as follows:

Dieter's Green:

- The name of Dieter's Green will be changed to Diet Green.

- Whorled mallow, an ingredient at issue in the Complaint, has been removed from this tea.

- The statement that "Research indicates that green tea's antioxidants help promote health metabolism[]" has been removed.

- The statement that "Recently, here in the West, people have discovered the value of this ancient system which focuses on aiding the body's own healing mechanisms through restoring harmony and balance[]" has been removed.

- The statement that "The Chinese System of herbology has been recorded in ancient texts which are studied and employed even today[]" has been removed.

-8-

- The statement that "This time tested knowledge has been passed on from generation to generation over the centuries[]" has been removed.

- The statement, "Remember when dieting to follow a balanced weight loss diet . . ." has been removed.

- The warning that "This tea is not intended to be used for chronic constipation or as an aid to lose weight" has been added.

- The warning that "Frequent or prolonged use of laxatives may result in dependence on laxatives" has been added.

- In addition to the required Senna Notice, the warning that "Senna may result in abdominal pain, cramping, and loose or watery stools" has been added.

Ultra Slim

- Whorled mallow, an ingredient at issue in the Complaint, has been removed from this tea.

- The statement that "Recently, here in the West, people have discovered the value of this ancient system which focuses on aiding the body's own healing mechanisms through restoring harmony and balance[]" has been removed.

- The statement that "The Chinese System of herbology has been recorded in ancient texts which are studied and employed even today[]" has been removed.

- The statement that "This time tested knowledge has been passed on from generation to generation over the centuries[]" has been removed.

- The statement, "Remember when dieting to follow a balanced weight loss diet . . ." has been removed.

- The warning that "This tea is not intended to be used for chronic constipation or as an aid to lose weight" has been added.

- The warning that "Frequent or prolonged use of laxatives may result in dependence on laxatives" has been added.

- In addition to the required Senna Notice, the warning that "Senna may result in abdominal pain, cramping, and loose or watery stools" has been added.

Super Slimming

- The name of Super Slimming will be changed to Super Slim.

FINAL JUDGMENT AND ORDER

Case No.: 3:14-CV-01570-MMC

- Whorled mallow, an ingredient at issue in the Complaint, has been removed from this tea.

- The statement that "Recently, here in the West, people have discovered the value of this ancient system which focuses on aiding the body's own healing mechanisms through restoring harmony and balance[]" has been removed.

- The statement that "The Chinese System of herbology has been recorded in ancient texts which are studied and employed even today[]" has been removed.

- The statement that "This time tested knowledge has been passed on from generation to generation over the centuries[]" has been removed.

- The statement, "Remember when dieting to follow a balanced weight loss diet . . ." has been removed.

- The warning that "This tea is not intended to be used for chronic constipation or as an aid to lose weight" has been added.

- The warning that "Frequent or prolonged use of laxatives may result in dependence on laxatives" has been added.

- In addition to the required Senna Notice, the warning that "Senna may result in abdominal pain, cramping, and loose or watery stools" has been added.

In addition, the FDA Disclaimer will remain on the Products' packaging in a legible font size and will be conspicuously displayed on the package in a readable font color, in comparison to any background coloring on the package.  Defendant will modify its website to comport with the modifications to the Products' packaging and labeling, set forth above.

Defendant shall have eighteen (18) months after the date the Settlement is finally approved to complete the labeling changes referred to in Section 4.1 of the Settlement Agreement.  Defendant may continue to market and ship product stock with existing labeling for up to eighteen (18) months following final approval, as contemplated by the eighteen month time period it will take to complete the labeling changes as set forth herein, and that third-party retailers and distributors may have on hand product stock in existing labeling for some time after the Settlement is finally approved.  To the extent that any state and/or federal statute, regulation, policy, and/or code may, in the future, impose other, further, different and/or conflicting

-10-

1   obligations or duties on Defendant with respect to the Products, this injunctive relief shall cease

2   as to Defendant's conduct covered by that statute, regulation, policy, and/or code as of the

3   effective date of such statute, regulation, policy, and/or code.

4          The Court has considered the realistic range of outcomes in this matter, including the

5   amount Plaintiff might receive if she prevailed at trial, the strength and weaknesses of the case,

6   the novelty and number of the complex legal issues involved, and the risk that Plaintiff and the

7   Class would receive less than the Settlement relief or take nothing at trial.  The relief offered by

8   the Settlement is fair, reasonable, and adequate in view of these factors.

9          **C.**     The Court has found no evidence of collusion between Plaintiff and

10  Defendant or their respective counsel.  The Settlement resulted from extensive arms-length,

11  adversarial negotiation.  Up to and through Settlement, both Parties have vigorously litigated and

12  negotiated this action.  Further, the Court has evaluated the factors set forth by the Ninth Circuit

13  and determined that there was no collusion.  *See In re Bluetooth Headset Prods. Liab. Litig.*, 654

14  F.3d 935, 947 (9th Cir. 2011) (the three factors are: "(1) when counsel receive a disproportionate

15  distribution of the settlement, . . . (2) when the parties negotiate a 'clear sailing' arrangement

16  providing for the payment of attorneys' fees separate and apart from class funds, . . . and (3)

17  when the parties arrange for fees not awarded to revert to defendants . . .").  Defendant has

18  agreed to pay Class Counsel $250,000, which represents their lodestar even without a multiplier

19  (indeed, it reflects a small negative multiplier because Class Counsel's lodestar exceeded the

20  negotiated award), and is well within the range courts have allowed in the Ninth Circuit.  The

21  Parties also agreed to the terms of the Settlement before discussing attorneys' fees, another factor

22  which weighs against a finding of collusion.

23         **D.**     The response of the Class to this action, the certification of a class, and the

24  Settlement, including Class Counsel's application for an award of attorneys' fees, litigation

25  expenses, and the Class Representative's incentive awards, after full, fair, and effective notice

26  thereof, strongly favors final approval of the Settlement.  Out of the estimated hundreds of

27

28

1    thousands who received Notice, only two class members submitted valid requests for exclusion.

2    Moreover, only two objections were filed, which the Court, as discussed below, has overruled.

3        **7.    Notice to the Class**.  The Class has received the best practicable notice in light of

4    the fact that Defendant does not collect or maintain information sufficient to identify Class

5    Members.  The Parties' selection and retention of Kurtzman Carson Consultants LLC ("KKC")

6    as the Class Action Administrator was reasonable and appropriate.  Based on the Declaration of

7    Phil Cooper of KCC, the Court hereby finds that the Settlement Notices were published to the

8    Class Members in the form and manner approved by the Court in its Preliminary Approval

9    Order.  The Settlement Notices provided fair, effective, and the best practicable notice to the

10   Class of the Settlement and the terms thereof.  The Notices also informed the Class of Plaintiff's

11   intent to seek attorneys' fees, costs, and incentive payments, and set forth the date, time, and

12   place of the Fairness Hearing and Class Members' rights to object to the Settlement or Fee

13   Motion and to appear at the Fairness Hearing.  The Court further finds that the Settlement

14   afforded Class Members a reasonable period of time to exercise such rights.  *See In re Mercury*

15   *Interactive Corp. Secs. Litig.*, 618 F.3d 988, 994 (9th Cir. 2010) (class members' deadline to

16   object must arise after class counsel's fee motion is filed).  The Settlement Notices fully satisfied

17   all notice requirements under the law, including the Federal Rules of Civil Procedure, the

18   requirements of the California Legal Remedies Act, Cal. Civ. Code § 1781, and all due process

19   rights under the U.S. Constitution and California Constitutions.

20       **8.    Notices Pursuant to 28 U.S.C. § 1715**.  The Court finds that Defendant has

21   satisfied all notice requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §

22   1715, as attested to by the Cooper Declaration.  On May 21, 2015, at Defendant's direction,

23   KCC served the notices required by 28 U.S.C. § 1715(b), which included a copy of the

24   Settlement Agreement and other required documents, as well as notice of the date, time, and

25   place of the Fairness Hearing.  The Court has received no objection or response to the Settlement

26   Agreement by any federal or state official, including any recipient of the foregoing notices.  This

27   fact further supports the fairness of the Settlement.

28

1     **9.     Implementation of Settlement**.    The Parties are directed to implement the

2  Settlement according to its terms and conditions.

3     **10.    Release**.    The Release set forth in the Settlement Agreement is expressly

4  incorporated herein in all respects, is effective as of the date of the entry of this Final Order, and

5  forever discharges the Released Parties from any claims or liabilities released by the Settlement,

6  including the Released Claims, and including without limitation a waiver of all rights under

7  Section 1542 of the California Civil Code.  This Release covers, without limitation, any and all

8  claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel, the

9  Settlement of this Action, the administration of such Settlement, and the Released Claims, except

10  to the extent otherwise specified in this Order and the Settlement Agreement.

11     **11.    Binding Affect and Permanent Injunction**.  The Settlement and this Final Order

12  and Judgment shall be forever binding on the Plaintiff and all other Class Members, as well as

13  their heirs, executors and administrators, successors and assigns, and shall have res judicata and

14  other preclusive effect in all pending and future claims, lawsuits, or other proceedings

15  maintained by or on behalf of any such persons, to the fullest extent allowed by law.  The Court

16  hereby permanently enjoins all Class Members from filing, commencing, prosecuting,

17  intervening in, maintaining, participating (as class members or otherwise) in, or receiving any

18  benefits from, any lawsuit (including putative class action lawsuits), arbitration, administrative or

19  regulatory proceeding or order in any jurisdiction asserting any claims released by this Order;

20  and from organizing Class Members into a separate class to pursue as a purported class action

21  any lawsuit (including by seeking to amend a pending complaint to include class allegations, or

22  seeking class certification in a pending action) asserting any claims released by this Order.

23  Nothing in this paragraph, however, shall require any Class Member to take any affirmative

24  action with regard to other pending class action litigation unrelated to this action in which they

25  may be absent class members.  Defendant has reserved the right to file motions or to take other

26  actions to enforce the release provisions of the Settlement Agreement and of this injunction, as

27

28

1   they may deem appropriate.  The Court finds that issuance of this permanent injunction is

2   necessary and appropriate in the aid of the Court's jurisdiction over the action and its judgments.

3   **12.   Attorneys' Fees and Litigation Expenses**.  The Court orders that Class Counsel

4   is entitled to reasonable attorneys' fees and litigation expenses incurred in connection with the

5   action and in reaching this Settlement in the amount of $250,000, to be paid at the time and in

6   the manner provided in the Settlement Agreement.  The fee award sought in the present case is

7   reasonable when judged by the standards of this circuit.  Defendant has agreed to not oppose

8   Class Counsel's request for fees in the amount of $250,000, which represents Class Counsel's

9   lodestar with no multiplier, well within the range courts have allowed in the Ninth Circuit.  The

10  Court also finds that an award of reasonable attorneys' fees and litigation expenses is appropriate

11  based on the private attorney general doctrine and Code of Civil Procedure § 1021.5.

12  No Named Plaintiff, or any other Class Member, shall have any obligation to pay Class

13  Counsel any further amounts for attorneys' fees, costs, or litigation expenses in the Action.  As

14  neither of the objections was sustained, the Court further finds that no Class Member is entitled

15  to seek or receive any further payment of attorneys' fees or litigation expenses in connection

16  with the action.

17  The Court finds the following hourly billing rates reasonable in light of the complexity of

18  this litigation, the work performed, Class Counsel's reputation, experience, competence, and the

19  prevailing billing rates for comparably complex work by comparably-qualified counsel in the

20  relevant market:

21  1.   For Ronald A. Marron, $745 per hour;

22  2.   For Beatrice Skye Resendes and Alexis Wood, $475 per hour; and

23  3.   For Kas Gallucci, $450 per hour;

24  4.   For Marshall Lurtz, William Richards, Beth Goodman and Erin Minelli, $440 per

25  hour;

26  5.   For Danielle Eisner, $290 per hour;

27

28

1    6.    For paralegals/legal assistants, specifically, Amanda Beamer, Katherine Scott,

2  Noemi Perez Lara and Stephanie Ozomaro, $215 per hour; and

3    7.    For future attorney time (time expended after the fee motion was filed), a blended

4  rate of $440 per hour.

5    Two other courts – one federal and one state - have recently approved these same hourly

6  rates in Senna Leaf cases that settled on behalf of a class and raised similar claims.  *See* Marron

7  Decl., filed October 30, 2015, Exs. 2 & 3.  The hourly billing rates for work performed by

8  paralegals and law clerks, requested by the Marron Firm, is likewise reasonable.  Paralegal time,

9  which is normally billed to fee-paying clients, is properly included and reimbursable under a

10  lodestar analysis.  *See, e.g.*, *United Steelworkers v. Phelps Dodge Corp.*, 896 F. 2d 403, 407-408

11  (9th Cir. 1990).  None of Mr. Marron's law clerks or other staff members are volunteers; each

12  are paid an hourly rate or salary.  Marron Decl. ¶ 2.  Accordingly, Mr. Marron put his own

13  resources at risk for over a year this case has been pending, enhancing the appropriateness of the

14  fee award sought.  *See id.*

15    The time declared to have been expended by Class Counsel is reasonable in amount in

16  view of the complexity and subject matter of this litigation, the skill and diligence with which it

17  has been prosecuted and defended, and the quality of the result obtained for the Class.

18    Based on the declaration of Class Counsel submitted in support of the Fee Motion, the

19  Court finds that Class Counsel have incurred out-of-pocket litigation expenses (paid and un-

20  reimbursed, or currently due) at the time the fee motion was filed (exclusive of costs to brief and

21  attend final approval) in the amount of $3,276.22, that said expenses were of a nature typically

22  billed to fee-paying clients, and that said expenses are recoverable or were reasonable and

23  necessary to the prosecution of this action in light of the extent of proceedings both on and off

24  the Court's docket, the complexity of the legal and factual issues in the case, the amount at stake

25  in this litigation, and the vigorous efforts of counsel for all Parties herein.  The Court finds these

26  expenses are reasonable in this case, and shall be included as part of the $250,000 awarded to

27

28

1  Class Counsel, to be paid by Defendant in the time and manner provided in the Settlement
2  Agreement.

3       **13.**   **Class Representative's Incentive**.  The named Plaintiff in this action, which the
4  Court appointed Class Representative in its Preliminary Approval Order, has actively
5  participated in and assisted Class Counsel with this litigation for the substantial benefit of the
6  Class.  Ms. Johnson waived her right to pursue potential individual claims or relief in the Action.
7  Apart from the requested incentive, Ms. Johnson will receive no settlement payments or benefits
8  of any nature, other than the injunctive relief available to the Class generally.  The Court hereby
9  approves incentive awards for Ms. Johnson, to be paid by Defendant at the time and in the
10 manner provided in the Settlement Agreement.  The amount of the incentive award shall be
11 $1,500.  Ms. Johnson was actively involved throughout the Litigation and contributed significant
12 time and expense in seeing this action to fruition.  The Court approves this incentive payment to
13 compensate the Class Representative for the burdens of her active involvement in the Litigation
14 and her commitment and effort on behalf of the Class.

15      **14.**   **Class Member Objections**.  The Court has considered the letters submitted by
16 John Hall and Arthur Uribe seeking monetary compensation, which letters the Court construes as
17 objections to the Settlement.  For the reasons stated on the record at the hearing conducted
18 November 13, 2015, the Court overrules the objections.

19      **15.**   **Modification of Settlement Agreement**.  The Parties are hereby authorized,
20 without needing further approval from the Court, to agree to and adopt such amendments to, and
21 modifications and expansions of, the Settlement Agreement, if such changes are consistent with
22 this Order and do not limit the rights of any person or Class Member entitled to relief under this
23 Agreement.

24      **16.**   **Enforcement of Settlement**.  Nothing in this Final Order shall preclude any
25 action to enforce or interpret the terms of the Settlement.  Any action to enforce or interpret the
26 terms of the Settlement shall be brought solely in this Court.

27

28

FINAL JUDGMENT AND ORDER
Case No.: 3:14-CV-01570-MMC

**17.** **Retention of Jurisdiction**.  The Court expressly retains continuing jurisdiction as to all matters relating to the Settlement, and this Final Order, and for any other necessary and appropriate purpose.  Without limiting the foregoing, the Court retains continuing jurisdiction over all aspects of this case including but not limited to any modification, interpretation, administration, implementation, effectuation, and enforcement of the Settlement, the administration of the Settlement and Settlement relief, including notices, payments, and benefits thereunder, the Settlement Notice and sufficiency thereof, any objection to the Settlement, any request for exclusion from the certified Class, the adequacy of representation by Class Counsel and/or the Class Representative, the amount of attorneys' fees and litigation expenses to be awarded Class Counsel, the amount of any incentives to be paid to the Class Representative, any claim by any person or entity relating to the representation of the Class by Class Counsel, to enforce the release and injunction provisions of the Settlement and of this Order, any remand after appeal or denial of any appellate challenge, any collateral challenge made regarding any matter related to this litigation or this Settlement or the conduct of any party or counsel relating to this litigation or this Settlement, and all other issues related to this action and Settlement. Further, the Court retains continuing jurisdiction to enter any other necessary or appropriate orders to protect and effectuate the Court's retention of continuing jurisdiction provided that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under the Settlement Agreement.

**18.** **No Admissions**.  This Final Order and Judgment and the Settlement, all provisions herein or therein, all other documents referred to herein or therein, any actions taken to carry out this Final Order and Judgment and the Settlement, and any negotiations, statements, or proceedings relating to them in any shall not be construed as, offered as, received as, used as, or deemed to be evidence of any kind, including in this Action, any other action, or in any other judicial, administrative, regulatory, or other proceeding, except for purposes of obtaining approval of the Settlement and the entry of judgment in the Action, enforcement or implementation of the Settlement, or to support any defense by Defendant based on principles of

1  res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or

2  reduction, full faith and credit, setoff, or any other theory of claim preclusion, issue preclusion,

3  release, injunction, or similar defense or counterclaim to the extent allowed by law.  Neither the

4  Settlement Agreement nor any related negotiations, statements, mediation positions, notes,

5  drafts, outlines, memoranda of understanding, or Court filings or proceedings relating to the

6  Settlement or Settlement approval, shall be construed as, offered as, received as, used as, or

7  deemed to be evidence or an admission or concession by any person, including but not limited to,

8  of any liability or wrongdoing whatsoever on the part of Defendant or as a waiver by Defendant

9  of any applicable defense, including without limitation any applicable statute of limitation.

10  **19.**  **Dismissal of Action**.  This action, including all individual and Class claims

11  resolved in it, shall be dismissed on the merits and with prejudice, without an award of attorneys'

12  fees or costs to any party except as provided in this Order.

13  **IT IS SO ORDERED.**

14

15  DATED: November 16, 2015

16  The Honorable Maxine M. Chesney
UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28